CARTER vs. DOW, and others.

A forfeiture incurred under the act to regulate and license the keeping of dogs (Laws 1860, Chap. 175,) must be enforced by civil action.

A justice of the peace who issues a warrant is liable therefor, only where he fails to

acquire jurisdiction, and not for mere error of judgment, and a complaint that charges the commission of an offense in positive terms, in a subseqnent part of which the complainant states on *information and belief* how he supposes it to have been committed, is sufficient to call for the exercise of the judgment of the justice as to the existance of the facts, and he will not be liable for an error of judgment in deciding that it is sufficient.

A warrant in the form provided in criminal cases, against a party proceeded against for a forfeiture enforcible only by civil action, though irregular and liable to be set aside on motion, is not void, and the error of the justice as to the form of the warrant, will not deprive him of jurisdiction.

The intention of Sec. 10, Chap. 155, was to make it the special duty of the officers there in named to prosecute offenders and thus more effectually secure their punishment, and not to prohibit any citizen from making complaint in the name of the state, in such cases as are therein referred to.

The act to regulate and license the keeping of dogs, Laws 1860, Chapt. 175, is an exercise of the police, and not of the taxing power of the state, and is constitutional.

APPEAL from the Circuit Court for *Jefferson* County.

Action brought by *Carter* against *Dow, Rice* and *Dutcher*, for false imprisonment. The answer of *Rice* alleges that at and before the time of the imprisonment complained of, he was a justice of the peace for the town of Lake Mills, in Jefferson county, and on the 23d of June, 1860, at said town, the defendant *Dow* made a complaint before him, under oath, against *Carter*, "that *Carter* was then the keeper of a male dog over six months of age, and that he kept the same in violation of ' an act to regulate and license the keeping of dogs,' and that *Carter* is guilty of said offense, as he is *informed and believes*, by not having said dog registered and collared as reqnired by said act, and that such offense occurred in Jefferson county ; wherefore he prayed that *Carter* might be arrested, &c.;" that he issued a warrant on said complaint for the arrest of *Carter*, and that he was arrested by the defendant *Dutcher* who then was a constable on such warrant, and brought before him as such justice, when he pleaded guilty to the charge, and was fined by him in the sum of five dollars and costs of prosecution, which was the imprisonment complained of in the complaint.

The answer of *Dutcher* alleges that a warrant against said *Carter*, a copy of which is set out in his answer, and is in the

usual form of warrants issued by justices in criminal cases, and recites the substance of the said complaint; issued by the defendant *Rice*, who was a justice of the peace, was delivered to him, he then being a constable to execute, and that in pursuance of said warrant he arrested the said *Carter* and took him before the said justice, which arrest was the imprisonment complained of.

The answer of the defendant *Dow* alleges, the making of the complaint by him, the issuing of the warrant by *Rice*, the arrest of *Carter* by the defendant *Dutcher*, and the conviction of *Carter* upon his plea of guilty; as a justification. At the trial, the plaintiff testified that he was arrested by the defendant *Dutcher*, and took about eight miles before the defendant *Rice*, and that the defendant *Dow* was there to swear that he had a dog over six months old, and that he was fined, and that he paid his fine and costs amounting to about $13; that he did not plead guilty, but said his boys kept a dog. The defendants offered in evidence the complaint set out in *Rice's* answer, but the plaintiff objected thereto, and the court sustained the objection, and the defendants excepted. It was admitted that the defendant *Rice*, was at the time mentioned, a justice of the peace, and the defendant *Dutcher* was a constable, as alleged in their answers. The defendants offered in evidence, the warrant set out in *Dutcher's* answer, to which the plaintiff objected, and the court sustained the objection, and the defendants excepted. The defendants then offered in evidence the entries in the docket of the defendant *Rice*, as such justice, which were as follows, omitting the taxation of costs: "State of Wisconsin, vs. *Edward Carter*: June 25th, 1860, warrant issued in the above entitled cause, on complaint of *A. C. Dow* and delivered to *James Dutcher*, constable. Warrant returned served, and the defendant delivered to the court; constables fees, $3.30. Complaint read to the defendant, for keeping one male dog over six months old, without getting him registered and licensed according to law. The

defendant pleads guilty of the offense and the court assessed a fine of five dollars and costs of suit:" to which the plaintiff objected, the court sustained the objection, and the defendants excepted to the ruling. This being all the evidence given, the cause was submitted to the jury, who gave a verdict for the plaintiff for $51, which the defendants moved to set aside, on the ground that it was against the evidence, and the court overruled the motion, to which ruling the defendants excepted, and judgment having been rendered according to the verdict, the defendants appealed.

*Enos & Hall*, for appellants.

1 The circuit court erred in ruling out the testimony offered by the defendants. The defendant *Rice* was a justice of the peace, and had jurisdiction of the subject matter and of the person of *Carter*; Laws 1860, chapt. 175; R. S., chapt. 121; and he is therefore not liable as a trespasser, for error of judgment, or even malicious motives. *Stewart vs. Hawley*, 21 Wend., 551; *Harmon vs. Brotherson*, 1 Denio, 537; *Warner vs. Devendorf*, 3 Denio, 117; *Matter of Falkner*, 4 Hill, 598; *Hoose vs. Sherrill*, 16 Wend., 33; *Horton vs. Archmody*, 7 Wend., 200. 2. The warrant was not void, on its face, and was a perfect defense for the defendant *Dutcher*.

*Gerrit T. Thorn*, for the respondent.

1. There is no authority in the act licensing dogs, for punishing an offense against it by imprisonment; the offender simply forfeits five dollars, (Laws 1860, chap. 175, sec. 7,) and this forfeiture must be sued for in a civil action, under R. S., chapt. 155, sec. 1, and the complaint must be made by the chairman of the supervisors of the town, R. S., chapt., 155, sec. 9. The justice had no right to issue a *criminal* warrant in this case, and the proceedings relied on as a defense to this action are void. 2. The complaint must be positive, and not upon information and belief, to justify the issuing of a warrant. R. S., chapt. 121, sec. 3.; *Baldwin vs. Hamilton*, 3 Wis., 747; *Bissel vs. Gold*, 1 Wend., 210; 2 Abb. Pr., 468; 10

Barb., 78.   3. The act under which the proceeding was had is unconstitutional.   *Wynnhamer vs. The People*, 3 Kern, 384.

*By the Court*, DIXON C. J.   We agree with the plaintiff's counsel, that the forfeiture incurred under section 7, of chap. 175, Laws of 1860, must be enforced by civil action.   That act does not prescribe the form of the remedy, further than that the prosecution shall be in the name of the state, sec. 13. The general statute (R. S., ch. 155, secs. 1, 2,) declares that in all cases not otherwise specially provided for, where the act or omission shall not be a misdemeanor, the penalty or forfeiture may be sued for and recovered in a civil action in the name of the state, and that it shall be prosecuted in the same manner as personal actions.   Still we do not think that the warrant in this case, though in form *criminal*, was so radically defective that it may be collaterally disregarded.   It was no doubt irregular, and might have been set aside on motion, but not void.   The substantial requisites of the process are the same in both cases.   R. S., ch. 120, § 37, and ch. 121, § 36; and if the justice made a mistake, it did not deprive him of jurisdiction.   Nor do I think the affidavit was so defective as to show a total want of jurisdiction.   The statute requires an affidavit showing *to the satisfaction* of the justice that the defendant has incurred a penalty or forfeiture, by the violation of some law of this state, for which the person filing the same has a right to prosecute in the name of the people of this state, or otherwise.   R. S., ch. 120, secs. 23, 24.   The act itself declares that no mere technical objection to the complaint shall be allowed to defeat a prosecution ; sec. 13.   The offense was positively charged in the affidavit, and the only objection is, that the complainant subsequently stated, upon *information and belief*, how he supposed it to have been committed.   The positive statement is enough to shield the justice from the charge of having acted without *any* evidence, to call for the exercise of his judgment upon the *weight* of the testimony ; and though he

may have erred in his conclusions, the proceeding was not void for want of jurisdiction.    He is liable only when he fails to acquire jurisdiction, and not for a mere error of judgment.

The duties of enforcing the penalties incurred, is specially imposed upon certain officers by the tenth section of the act, so that section nine of chap, 155, R. S., has no application. But even if it had, I do not think it was the intention of either section to prohibit any citizen having knowledge of the offense from making complaint in the name of the state.    It is certainly in accordance with the spirit of our laws in criminal and *quasi* criminal proceedings, that the courts should be open to the complaints of all, holding each responsible for the malicious or wanton abuse of the privilege.    The design no doubt was, by making it the especial duty of certain officers to prosecute, to secure more effectually the punishment of all offenders. The act is not unconstitutional.    It is an exercise of the police, and not of the taxing power of the state, a strictly legitimate enactment " to regulate and license the keeping of dogs."

Judgment reversed, and a new trial awarded.