*R. Jones* and *S. A. Huff*, for appellant:

---

## MITCHELL *v.* WILLIAMS.

TAX.—DEFINITION OF.—The word tax means a burden, charge or imposition, put upon persons or property for public uses.

DOG TAX.—As a measure of internal police, the legislature has the power to encourage the rearing of sheep, and with that object in view to discourage the keeping of dogs, by assessing a penalty upon the owner or keeper of the latter.

SAME.—The act of *March* 2, 1865, (Acts 1865, p. 56,) "to discourage the keeping of useless and sheep-killing dogs," &c., is constitutional. The penalty imposed by the law upon the owners of dogs is not a special tax.

APPEAL from the *Monroe* Circuit Court.

RAY, C. J.—This proceeding was instituted by the appellee to restrain the appellant, as treasurer of *Monroe* county, from collecting a sum of money charged against him as the owner of a dog. The amount was imposed under the act of *March* 2, 1865, entitled "an act to discourage the keeping of useless and sheep-killing dogs, and providing penalties for the violation of any of the provisions of said act, by officers and others, and also repealing an act to license dogs,

approved *March* 11, 1861, and providing that nothing in this act shall be so construed as to conflict with the provisions of an act entitled an act for the protection of sheep, approved *June* 15, 1852."

It is insisted that the act is in conflict with section 1, article 10, of the State constitution, which requires that "the general assembly shall provide by law for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious or charitable purposes, as may be specially exempted by law."

It is urged that the act in question imposes a tax upon dogs, without providing for an assessment of the value of each animal, and regulating the amount of the tax imposed thereby. The word tax means burden, charge or imposition, put or set upon persons or property for public uses. This is the definition which Lord COKE gives to the word *tallage.* 2 Inst. 533. Lord HOLT, in Carth. 438, gives the same definition, in substance, of the word tax. *Mayor, &c., of New York, ex parte,* 11 John. 77.

The act in question was passed in substitution for, and contains within itself a repeal of, an act to license dogs. The plain purpose and intent of this act, is not to provide a revenue for public uses, but to discourage the keeping of dogs, and indicating it to be the policy of the State to protect one species of valuable property from destruction by another species, which is in terms declared useless. That, as a measure of internal police, the legislature has the power to encourage the rearing of sheep, and, with that object in view, to discourage the keeping of dogs, animals which are not even the subject of larceny at common law, cannot be doubted. In *Thorpe* v. *The Rutland and Burlington Railway Co.,* 27 Vt. 140, it was held that "this police power of the State extends to the protection of the lives, limbs, health, comfort and quiet of all persons, and the protection of all property within the State." Nor can it be

denied that the means adopted are legitimate to secure the end in view. It is a matter of no consequence how the sum charged to the owner of a dog may be collected. If it be deemed more convenient to place it upon the tax duplicate, it does not therefore make it a tax, and subject to the constitutional objection.

It has been held by this court, that for the purpose of protecting human life, the legislature may require railroad companies, where. they have not securely fenced their roads, to answer in damages for animals killed thereon, that thus the companies may be induced to fence their roads, and that it is a matter of legislative discretion to whom the penalty shall be paid, whether to the State, or to the individual whose property is injured. *The New Albany, &c. R. R. Co.* v. *Tilton*, 12 Ind. 3. It is equally clear that the value of the property destroyed is not the limit of the penalty within the power of the legislature to impose. So under the law in question, the value of the animal owned furnishes no rule to the legislature in fixing the penalty for keeping it, nor is the legislature prohibited by any principle of law from using the fund thus created to compensate the owners of sheep which have been injured by dogs. We regard the provisions for securing the imposition of the penalty, and its collection, as properly connected with the subject matter of the act.

The court below overruled a demurrer to the complaint, and granted an injuction against the collection of the tax. This was error.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to sustain the demurrer.

*J. L. Ketcham* and *J. S. Mitchell*, for appellant.

*J. E. McDonald, A. L. Roache* and *D. Sheeks*, for appellee.