## James Van Horn v. The People.

### Dog-taxes.

Act 198 of 1877 taxing dogs and appropriating the resulting fund to the payment of damage done by dogs to sheep, is not strictly a tax law within the contemplation of article xiv of the Constitution, but is an exercise of the police power of the State.

Taxes, as contemplated by article xiv of the Constitution, are burdens, charges or impositions for *public* uses, and not mere regulative expedients to repress private mischief and redress private injuries.

Dogs are properly subjected to special and peculiar regulations for the purpose of repressing the mischief likely to be done by them to more valuable property and to persons.

Error to Livingston. Submitted Apr. 27. Decided June 8.

COMPLAINT against defendant, as supervisor, for refusing and neglecting to ascertain the number of dogs in his township liable to taxation, and to make a duplicate list of their owners showing the number of dogs kept by each and the amount for which he was to be taxed therefor. Defendant brings error. Exceptions overruled.

*B. T. O. Clark* for plaintiff in error. Taxation involves a ratio or rule of apportionment: *Woodbridge v. Detroit* 8 Mich. 301; dogs are property: *Heisrodt v. Hackett* 34 Mich. 283.

Attorney-General *Jacob J. Van Riper* for the People. The Legislature's power in legislation is as unlimited as that of Parliament, except when restrained by written constitutions: *Thorpe v. Rutland R. R.* 27 Vt. 142; *Sears v. Cottrell* 5 Mich. 251; the power of taxation may be extended as far as the government sees fit: *M'Culloch v. Maryland* 4 Wheat. 428; the constitutional requirement that taxation on property shall be according to value impliedly excepts special taxes on sales of liquor, poll taxes, dog-taxes, etc.: Cooley Const. Lim. 618; *Walcott v. People* 17 Mich. 68;

*Kitson v. Ann Arbor* 26 Mich. 325 ; *Anderson v. Kerns Draining Co.* 14 Ind. 199 ; *Lafayette v. Jenners* 10 Ind. 75 ; *Bright v. McCollough* 27 Ind. 223 ; *Glasgow v. Rowse* 43 Mo. 489 ; *Baker v. Cincinnati* 11 Ohio St. 534 ; *Youngblood v. Sexton* 32 Mich. 406 ; dog taxes are within the police power of a state : Cooley Const. Lim. 412 ; *Carter v. Dow* 16 Wis. 299 ; *Mitchell v. Williams* 27 Ind. 62 ; *State v. Cornnall* id. 120.

GRAVES, J.   The defendant holding the office of supervisor refused to execute the statute of 1877 (Public Acts of 1877, p. 239) and for such delinquency was prosecuted and convicted under the eighth section.   The case was then certified to this court for review on exceptions.   The scheme embodied in the statute is intended to compel those who own and keep dogs to provide a common fund for repairing or at least mitigating such losses as are inflicted by those animals by wounding and destroying sheep.   It was not necessary for the face of the enactment to explain the proneness of dogs to such mischief.   The fact is notorious and the mention of it as an incentive to the legislation would have been useless.

The exceptions are all grounded on a single assumption. And it would be needless to inquire as to how far the inferences and secondary propositions are authorized.   The fundamental proposition is that the exaction attempted by the statute is a tax within the meaning of article 14 of the Constitution ; and taking this for granted it is then argued that it is not a specific tax, but a tax falling under rules and principles applicable to other taxes ; and not being laid according to any mode of uniformity nor assessed according to the cash value of the property, the imposition is unconstitutional. It is also suggested that dogs are included · in the mass of property annually taxed under the general law and that it is not competent to select one species of property and subject it to double tax.   It is unnecessary to point out the various inaccuracies of this reasoning.   The foundation on which it proceeds is fallacious.   The supposition that the statute is

an emanation from the taxing power, in the sense in which that power is regarded by article 14, is a mistake.

The enactment does not appear to be for revenue nor to raise money by way of tax as that expression is there made use of. A tax in the view of that division of the Constitution is a burden, charge or imposition for public uses (*People v. Salem* 20 Mich. 452; *Matter of the Mayor* 11 Johns 77) and not a mere regulative expedient, as this is, to favor the repression of private mischief and promote the redress of private injuries. And it is plain therefore that the act can neither be brought within article 14 for the purpose of sustaining it or for the purpose of overthrowing it. It is a species of legislation which pertains to another department of power, and where the State in pursuing its duty to accommodate as far as practicable the desire and the right to keep dogs, to the more beneficial right of breeding and keeping sheep, has seen fit to apply the method marked out in this statute. The act is an exertion of the police power, and no reason is perceived for denying its validity. In consequence of the acknowledged excellence of some of their traits and their remarkable attachment to mankind, and on account, at the same time, of their liability to break through all discipline and act according to their original savage nature, and because also of their liability to madness, it has been customary always to make dogs the subject of special and peculiar regulations. The evidence found in our own statutes is very full: Act of 1805, 1 Terr. L. p. 69; Act of 1825; Code of 1827, p. 481; Rev. Stat. 1838, p. 220; Rev. Stat. 1846, p. 201: Act 161 of 1850, Sess. L. p. 155; Act 210 of 1863, Sess. L. p. 362; Act 205 of 1865, Sess. L. p. 340; Act 195 of 1873, Sess. L. vol. 1, p. 483.

Characteristic legislation has been expounded in other states, and the authority for it has been liberally maintained under the power referred to: *Blair v. Forehand* 100 Mass. 136; *Carter v. Dow* 16 Wis. 298; *Tenney v. Lenz* id. 566; *Mitchell v. Williams* 27 Ind. 62; *Morey v. Brown* 42 N. H. 373; *Woolf v. Chalker* 31 Conn. 121; *Ex parte Cooper* 3 Texas. C. App. 489.

As the charge laid on the owners of dogs is a pecuniary burden imposed by public authority, it partakes no doubt of the character of a tax, and for many purposes might be so spoken of without harm. But no accession of public revenue, either general or local, is authorized or aimed at. The end sought is different. The purpose is to prescribe a regulation under which dogs as animals dangerous to sheep and of far less public utility can alone be held, and which if carried out will tend to discourage an undue increase of dogs, and at the same time will afford new protection against the effects of the mischief to which they are most given. As no sufficient reasons are disclosed for sustaining the exceptions they must be overruled, and the circuit court is advised to proceed pursuant to law.

The other Justices concurred.