GEORGE HENDRIE v. AUGUST KALTHOFF.

*Taxation of dogs.*

The exemption of train [tram] railways from ordinary local taxation, does not include exemption from liability to pay the tax on dogs.

The tax on dogs is not imposed as a charge on property by reason of its value to raise revenue for ordinary purposes, but is in the nature of a license imposed on those who keep animals requiring special police regulations, to prevent mischief, and to provide a special fund to repair losses from their depredations.

Error to Wayne.   Submitted April 19.   Decided April 25

REPLEVIN.   Defendant brings error.   Reversed.

*George H. Prentis* for appellant.

*John H. Bissell* for appellee

CAMPBELL, J.   Hendrie replevied a horse which had been taken for taxes levied on the personal property of the Detroit City Railway Company, in the township of Hamtramck, and for taxes on dogs belonging to such company. The court below held that the company was by § 2482 of the Compiled Laws exempt from such taxation.

That section exempts the company from taxes other than the State specific tax on all the property of the company. This precludes the ordinary taxation on property as assessed. But in our opinion the tax on dogs cannot be properly regarded as a tax on property, within the meaning of this exemption.   By the laws of 1877, p. 239, a tax is laid on dogs not by value but specifically, of one dollar for male dogs and three dollars for female dogs.   This tax is for the particular purpose of raising a fund to pay for depredations committed by dogs, any surplus being paid into the school fund.   Laws 1881, p. 396.   The enforcement of the tax is secured by heavy penalties on the officers who refuse to levy it.   The validity of this charge was before us in *Van Horn*

*v. People*, 46 Mich. 183, and we sustained the law as a police regulation. It is rather to be regarded as a license than a tax law, imposed on those who choose to keep animals that have always been regarded as requiring special regulation different from that applied to others.

The judgment must be reversed with costs and a new trial granted.

MARSTON and COOLEY, JJ. concurred.