MoIlvaine, J.
Section 2754 of Revised Statutes, which is found in the. chapter relating to tijs listing of personal property for taxation, is as follows : “ Every dog, over three months of age, shall be listed by the owner or by the assessor in the name of the owner, without affixing any valuation thereto; but the owner may, if he so desire, affix any value thereto he wishes without swearing to the valuation,” &e. And section 2833, found in the chapter relating to the levying of taxes, provides: “ In the tax list and duplicate there shall be columns for the number of and per capita tax on dogs, and in addition to the proper tax on the valuation that may be fixed upon dogs by the owners, which shall be included with the personal property valuations and taxed therewith; the auditor shall levy one dollar on each dog, which per capita tax shall constitute a special fund to be disposed of as provided by law.”
By section 4215, this special fund is devoted to the payment of losses sustained by owners of sheep killed by dogs.
"Whether the per capita dog tax thus imposed is in conflict with seption 2, article 12 of the constitution, which provides, “ Laws shall be passed, taxing by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies or otherwise; and also all real and personal property, according to its true value in money,” is the sole question in this case. It is perfectly clear that the tax thus levied on dogs is not by a uniform rule according to the true value in money of the property taxed.
A question has been raised, whether dogs are property within the meaning of this constitutional provision ; but we think the solution of that question is not decisive of this ease.. If they be not property, and, therefore, are not subject to the-taxing power of the general assembly, or, if they.be property, and, therefore, must be taxed according, to'their true- value in. *344 money, it does not follow, that the legislation in question is not a constitutional exercise of the police powers vested in the general assembly under the general grant of legislative powers, .which include the power to protect citizens in the enjoyment of property and afford redress for injuries done to it. The police and taxing powers of the general assembly, though co-existent, are distinct powers; hence the exercise of the former is not restrained by the existence of the latter, though it may result in producing revenue, as for instance, in imposing fines in punishment for offenses.
Recently we had occasion to recognize this principle, and applied it in support of a statute which imposed a burden or tax upon the traffic in intoxicating liquors, although intoxicating liquors were subject to taxation for public revenues as other personal property. See State ex rel. Attorney-General v. Auditor of Athens county, post.
"While the dog, as a species, possesses many valuable traits which by some are denominated virtues, it is nevertheless known of all men, that he possesses vicious traits which are especially inimical to the important industry of raising sheep and wool. If the government were powerless to protect this industry from the ravages of dogs, it would indeed be impotent to protect its citizens in the enjoyment of property, than which none other is' more essential to the public welfare. But such power is unquestionably vested in the general assembly as a police power, and, in the judgment of the general assembly a per capita tax on dogs has been deemed a means of securing the necessary protection to sheep owners ; and, as the choice of means was within the power and discretion of the general assembly, its judgment is not subject to judicial control. The original statute on this subject (which has been, in substance transferred to Revised Statutes above quoted) passed May 5, 1877 (74 Ohio L. 177) was entitled “ An Act for the protection of wool-growers and the confiscation of dogs,” a subject not only within the police powers of the general assembly, but one deserving ©f its consideration.
The conclusion which we have reached is, as we think, not *345 only sustained by sound reasoning, but is supported by abundant authority.
In Vanhorn v. People, 46 Mich. 183, the identical question was considered. Graves, J., in delivering the opinion says: “ The fundamental proposition is that the exaction attempted by the statute is a tax within the meaning of article 14 of the constitution.....and not being laid according to any mode of uniformity nor assessed according to the cash value of the property, the imposition is unconstitutional. It is also suggested that dogs are included in the mass of property annually taxed under the general law, and that it is not competent to select one species of property and subject it to double taxation. It is unnecessary to point out the various inaccuracies of this reasoning. The foundation on which it rests is fallacious. The supposition that the statute is an emanation from the taxing power in the sense in which that power is regarded by article 14 is a mistake.....The act is an execution of the police power, and no reason is perceived for denying its validity.”
The same general doctrine has been maintained in Blair v. Forehand, 100 Mass. 136; Tenney v. Lenz, 16 Wis. 566; Mitchel v. Williams, 27 Ind. 62; Morry v. Brown, 42 N. H. 373; Woolf v. Chalker, 31 Conn. 121; Ex parte Cooper, 3 Texas C. App. 489; Cooley Const. Law, 741.

Judgment reversed.