CITY OF FARIBAULT *vs.* W. J. WILSON.

November 14, 1885.

**Criminal Law — Justice of Peace — Irregularity in Title of Case.—** That a justice of a city, in the entries on his record, and in the papers subsequent to the warrant, entitles a criminal proceeding in the name of the city instead of in the name of the state, they fully disclosing the character of the proceeding, is a mere irregularity which will be disregarded.

**Same—Pleading City Ordinance.—**A complaint for violation of a city ordinance need not set forth the ordinance, but may refer to the number and section and subject of the ordinance, and state the acts alleged to have been in violation of it.

**Police Power—Regulating Keeping of Dogs.—**To regulate the keeping of dogs, and enforce the regulations by forfeitures, fines, and penalties, is within the police power of the state.

**Municipal Corporation—Ordinance Sustained.—**An ordinance of the city of Faribault for that purpose construed, and *held* not to be unreasonable.

**Same — Express Grant of Power to Destroy Unlicensed Dogs does not Exclude Power to Punish Owner by Fine, etc.—**The charter of the city of Faribault empowers the council to punish the violation of any ordinance by fine and imprisonment. The specification of the powers of the council in respect to various subject-matters includes the power "to regulate or prevent the running at large of dogs, to require license for keeping the same, and impose a fee for such license, and a tax upon dogs, and authorize the destruction of the same in a summary manner when not licensed, or when at large contrary to the ordinance." *Held,* that giving the power to authorize the destruction of dogs does not take away the power to punish violations of the ordinance by fine or imprisonment.

**Same—Publication of Ordinances.—**The charter provided for publication of ordinances, and that "the publication thereof shall be proved by the affidavit of the foreman or publisher of such newspaper, which at all times and in all courts shall be deemed and taken as sufficient evidence of such publication.' *Held,* that the statement in the affidavit that the person making it was the foreman or publisher of the newspaper is sufficient evidence of that fact.

Appeal by defendant from a judgment of the district court for Rice county.

*Baxter, Townley & Gale*, for appellant.

*A. D. Keyes*, for respondent.

GILFILLAN, C. J. The charter of the city of Faribault (Sp. Laws 1872, *c.* 11, *subc.* 3, § 3, subd. 9, p. 108, as amended by Sp. Laws 1878, *c.* 27, § 3, p. 243) authorizes the council "to regulate or prevent the running at large of dogs, to require license for keeping the same, and impose a fee for such license and a tax upon dogs, and authorize the destruction of the same in a summary manner when not licensed, or when at large contrary to the ordinance." The council passed an ordinance containing these provisions: "Section 1. That any dog, bitch, or slut, or any animal of the dog kind, owned by or being in the possession of any resident or any person in the city of Faribault, shall be registered by such person or resident with the city recorder on the first day of July of each year, and shall at the same time pay to the city recorder, for the use of the city, a license of one dollar on each dog and three dollars on each bitch or slut so owned or possessed by such resident or person. Every owner or possessor of any dog, bitch, or slut, or any animal of the dog kind, shall procure from the city recorder a certificate, which shall state therein the number and date of such license, the name of such owner or possessor, and the name of such dog, bitch, or slut so licensed;" and also providing for a fine not exceeding $10 and costs upon any one violating those provisions, and imprisonment not exceeding 30 days until such fine and costs shall be paid.

Defendant was prosecuted and convicted before a city justice for violating this ordinance, and appealed to the district court, and, being convicted in that court, also appeals to this court. Various questions are raised on the appeal, which we will consider in the order in which they are presented.

1. That the prosecution should have been in the name of the state. The complaint to the justice was in proper form; the warrant ran in the name of the state, but in the record of the proceeding, and in the various papers issued in it subsequent to the warrant, the action is entitled in the name of the city. Even if it were a criminal pros-

ecution within the meaning of Gen. St. 1878, c. 65, § 142, this would be a mere irregularity, not affecting the jurisdiction, nor, as the record fully discloses the character of the proceeding, so as to protect defendant against another prosecution for the same offence, affecting any substantial right, and should be disregarded. *State* v. *Graffmuller,* 26 Minn. 6.

2. That the complaint should have set forth the ordinance. As the ordinance had, within the city of Faribault, the force and effect of law of which all persons were bound to take notice, it was sufficient, under Laws 1881, (Ex. Sess.,) c. 59, to refer to it, as the complaint does, by stating the number of the ordinance, and the number and subject of the section alleged to have been violated; and it was enough to allege that the offence was in violation of the section, instead of using the words in chapter 59, "contrary to the form," as the allegations are in legal effect precisely equivalent.

3. That it was not competent for the legislature to authorize the council to pass any ordinance making the acts or omissions charged an offence. The power to regulate the keeping of dogs, and to enforce such regulations by forfeitures, fines, and penalties, is one that has been very generally exercised. It is recognized as within the police power. Cooley on Taxation, 412; *Blair* v. *Forehand,* 100 Mass. 136; *Morey* v. *Brown,* 42 N. H. 373; *Mitchell* v. *Williams,* 27 Ind. 62; *Carter* v. *Dow,* 16 Wis. 298; *Tenney* v. *Lenz,* Id. 566; *Ex parte Cooper,* 3 Tex. App. 489. Certainly, if the legislature may, within the police power, regulate the keeping or use of any kind of property, —and that it may, is unquestioned,—it may prescribe regulations for the keeping and use of dogs, because from their nature they are liable to become nuisances.

4. That the ordinance is unreasonable. The grammatical construction of the ordinance may be open to criticism, but its meaning is clear enough. The main idea of it is that every dog kept within the city shall be registered, a license fee paid, and a certificate thereof issued to the person registering and paying the fee. And it may make it the duty of each—the owner and the keeper, where it is kept by one other than the owner—to see that it is registered, the fee paid, and the certificate taken out. Either of them attending to this, the

duty is discharged as to each. When he has registered and paid the fee, and applied for the certificate, he has done all that the ordinance, reasonably construed, requires of him. It is then the duty of the recorder to issue the certificate, in which the latter has no discretion, and for failure in which the party is not, and was not intended to be, responsible. Thus construed, we see nothing unreasonable in the ordinance.

5. That by the charter the only remedy for violation of such an ordinance is by destruction of the dog. The charter (section 3, *c.* 3) empowers the council "to declare and impose penalties and punishments, and to enforce the same against any person or persons who may violate any provisions of any ordinance," etc.; and subd. 32, (same section,) that the fines, penalties, and punishments imposed by the council for the breach of any ordinance, by-law, or regulation may extend to a fine not exceeding $100, and imprisonment, etc. The power to destroy the dog must be deemed added to the power to fine, etc., and not to take it away.

6. That publication of the ordinance was not properly proved. The charter, (section 4, chapter 3, as amended by Sp. Laws 1878, *c.* 27, § 4,) after providing for publication of ordinances, continues: "The publication thereof shall be proved by the affidavit of the foreman or publishers of such newspaper, which at all times and in all courts shall be deemed and taken as sufficient evidence of such publication." The objection taken is that the affidavit is not proof unless it be shown, otherwise than by a statement in it, that the person making it was the printer or publisher. We think it was intended that the affidavit alone should be sufficient evidence, and that it should show all that is necessary to make it evidence, including the fact that the person making it was the printer or publisher, and that it is the only evidence required of all that it contains which it was intended should be inserted in it.

Judgment affirmed.
v.34m—17