THE CITY OF CARTHAGE v. RHODES, *Appellant.*

1. **Municipal Corporation:** ORDINANCE TO TAX AND REGULATE DOGS. Under an ordinance empowering it to "tax, regulate, restrain and prohibit the running at large of dogs * * * and provide for the impounding or destruction * * * of them when found running at large contrary to ordinance," a city may impose a *per capita* tax upon dogs by way of a license.

2. ———: ———: POLICE POWER. Such tax is an exercise of the police power of the state and is not prohibited by the constitutional provision requiring all property to be taxed in proportion to its value.

3. ———: ———: ———. A city has the power to impose a fine upon a person for keeping a dog within its limits without having obtained a license to do so, in violation of the city ordinances.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*T. B. Haughawout* for appellant.

( 1 )  Section 11 of the charter does not grant to the city council authority to impose penalties on the owners of dogs within the city who fail to pay a license.   Such extraordinary power must be expressly conferred. Dillon on Municipal Corp. [ 3  Ed.]  345,  and notes. ( 2 )  The ordinance makes a person a culprit for owning that which the law recognizes as property, without paying for the privilege which is unconstitutional and void. *Washington v. Mays*, 1 McArthur, 53 ( 29 Am. Rep. 578 ); *Harrington v. Miles*, 11 Kan. 480 ; *State v. Cyms*, 26 Ohio St. 400 ;  *Ward v. State*, 48 Ala. 161.  ( 3 ) Under section 10, article 4, of the constitution of Missouri all property should be taxed according to its value.

*J. R. Shields*, City Attorney, and *J. W. Halliburton* for respondent.

The charter of the city of Carthage ( Session Acts, 1875, sec. 9, art. 5 ) authorizes the council to prevent and prohibit the running at large of dogs, and to provide for the destruction of them if valueless.   And in section 11, article 5, authorizes the council to tax, regulate and restrain dogs.   And in section 46, article 5, authorizes the council to provide for, maintain and regulate the peace, good government, order and police of the city, and also to impose, collect and enforce fines, forfeitures and penalties for the breach of any city ordinance. The ordinance is valid under the sections of the charter above cited, and also under the general power of all cities to make proper and sufficient police regulations. See Cooley on Taxation [ Ed. of 1876] chap. 19, pp. 396, 397 and 403–407, 410–412 ; *Carter v. Dow*, 16 Wis. 299 ; *Tenney v. Lenz*, 16 Wis. 567 ; *Blair v. Forehand*, 100 Mass. 136 ; *Morey v. Brown*, 42 N. H. 373 ; *Mitchell v. Williams*, 27 Ind. 62 ; *City v. Wilson*, 25 N. W. Rep.

449 ; Dillon on Municipal Corp. [ Ed. of 1872 ] pars. 325, 326, 327, 333, and note 2 ; par. 335, and note 1 ; *Ex Parte Cooper*, 3 Tex. App. 489 ; 30 Am. Rep. 152.

BRACE, J.—This is an appeal from the judgment of the circuit court of Jasper county on an appeal from the judgment of the recorder's court of the city of Carthage imposing a fine upon the defendant for keeping a dog without having obtained a license from said city for so doing in violation of the ordinances thereof. The case has been certified here from the Kansas City court of appeals as involving a constitutional question.

By section 11, article 5, of the charter of the city of Carthage ( Sess. Acts, 1875, p. 169 ) it is provided that the city shall have power "to tax, regulate, restrain and prohibit the running at large of dogs or cats and provide for the impounding or destruction of either or both and all of them when found running at large contrary to ordinance." The power granted in this section is to tax dogs, and regulate dogs, and is not limited simply to the power to restrain and prohibit dogs from running at large, and the question is, can the city exercise the power to tax or regulate dogs by requiring the owner or keeper of a dog to pay a specific sum for a license to keep such dog within the city limits, or in other words by imposing a tax *per capita* upon dogs, by way of a license. There being an express grant of power to regulate, there can be no question as to the power in the city to regulate by way of a license for which a specific sum may be charged, unless the exercise of the power is precluded by the constitutional provision requiring all property to be taxed in proportion to its value. Const., art. 10, sec. 4.

Taxation may be for the purpose of raising revenue, or for the purpose of regulation ; where for the purpose of regulation it is an exercise of the police power of

VOL. 101—

the state.   They are both distinct, co-existent powers in the state and either or both may be exercised through a municipal corporation.   In this case, by the terms of the charter, both powers are granted to the city of Carthage as to the dogs of that city.   The dog-license tax required by its ordinances is easily referable to the exercise of the police power granted.   While, in a sense, dogs are property, and the owner may invoke the aid of the law for their protection as property by civil action, and by statute they have been made the subject of larceny, yet, they are a base sort of property, having no market or assessable value, do not enter into the estimate of the appreciable wealth of the state, and never have been considered proper subjects of taxation for revenue.   On the other hand their almost utter worthlessness in a crowded city for any purpose except to please the whim or caprice of their owners, the half savage nature and predatory disposition of so many of them, rendering them destructive of animals of real value, and their liability to the fatal malady of hydrophobia which in so many instances has sent them abroad as messengers of death to man and beast, point them out as subjects peculiarly fit for police regulation.

The ordinances in question being an exercise of the police power granted by the state are not obnoxious to the constitutional provision quoted, which is not a limitation upon the police power, but upon the taxing power of the state.   Without discussing the question further it is sufficient to say that the foregoing propositions are sustained by the great weight of authority, from which we cite the following   *Holst v. Roe*, 39 Ohio St. 340 ; *Van Horn v. People*, 46 Mich. 183 ; *Cole v. Hall*, 103 Ill. 30 ; *Ex Parte Cooper*, 3 Texas App. 489 ; *Tenney v. Lenz*, 16 Wis. 566 ; *Blair v. Forehand*, 100 Mass. 136 ; *Mitchell v. Williams*, 27 Ind. 62 ; *Fairibault v. Wilson*, 25 N. W. Rep. (Minn.) 449.

The judgment is affirmed.   All concur.