WILLIAM D. LONGYEAR, INGHAM COUNTY TREASURER, v. MAYTON J. BUCK, CITY TREASURER OF LANSING.

*Dog tax—Constitutional law—Damages to sheep breeders.*

1. Act No. 214, Laws of 1889, providing for the payment by township and city treasurers to the county treasurer of the dog tax collected by them, to be kept as a special fund for the payment of losses suffered from the killing or wounding of sheep, is constitutional.

2. The following general propositions are summarized from the opinion of Mr. Justice LONG:

    *a*—Under the police power, the Legislature has, since the organization of the State, from time to time placed restrictions upon the keeping of dogs, and provided regulations for their keeping for the safety of individuals and sheep breeders in the care of their flocks.

    *b*—A constitutional provision for the taxation of property by *value* will not preclude a *per capita* tax on dogs.

*Mandamus.* Submitted October 31, 1890. Granted November 14, 1890.

Relator applied for *mandamus* to compel the payment of certain moneys in respondent's hands arising from the tax on dogs, under Act No. 214, Laws of 1889. The facts are stated in the opinion.

*George F. Day,* Prosecuting Attorney, for relator, contended:

**1.** The law will be upheld, not as a tax, but as an exercise of the police power of the State; citing *Van Horn v. People*, 46 Mich. 183; *Hendrie v. Kalthoff*, 48 Id. 306; and where a license fee is levied for police purposes, there may be excellent reason for requiring persons living adjacent to a town to pay such fee; citing Cooley, Tax'n (2d ed.), 160, 161.

*R. A. Montgomery*, for respondent, contended as stated in the opinion, citing no authorities.

LONG, J. The relator is county treasurer of Ingham county, and presents his petition to this Court for *mandamus* to compel the respondent, who is city treasurer of the city of Lansing, to pay over certain moneys which came into his hands from a tax on dogs.

The answer of the respondent admits that he has in his hands the sum of $110.90 which came to his hands from such taxes, and that the time within which the same was to be paid over to the county treasurer, under the provisions of Act No. 214, Laws of 1889 (3 How. Stat. §§ 2132*a*–2132*e*), expired on March 31, 1890, and that demand has been made upon him for such payment. He refuses to pay the moneys over on the ground that he is advised that the act is unconstitutional and void.

At its session in 1877, the Legislature passed an act entitled—

" An act to provide for a tax upon dogs, and to create a fund for the payment of certain damages for sheep killed or wounded by them in certain cases." Act No. 198, Laws of 1877, How. Stat. § 2123 *et seq.*

Section 1 of this act provides that in all the townships, and wards of the cities, of this State there shall be annually levied and collected the following tax upon dogs: Upon every male dog, over six months old, owned or kept by any one person or family, $1; upon every female dog, owned or kept by one person or family, $3. The act provides for the assessment and collection of this tax each year. It is also provided that when any person shall sus-

tain a loss by the killing or wounding of his sheep or
lambs by a dog or dogs he may call upon a disinterested
justice of the peace of his township to make a certificate
of the amount of his damages. It becomes under this act
the duty of the township board, or common council of
cities, at the annual meeting in April, to examine such
certificates, and to pay such losses out of the fund so
raised, or, if the fund is not sufficient for such purpose,
then to pay proportionately each claim. The validity of
this act was attacked in *Van Horn v. People,* 46 Mich.
183, and the act was upheld. It was there said:

"It is plain, therefore, that the act can neither be
brought within Article 14 [of the State Constitution] for
the purpose of sustaining it or for the purpose of over-
throwing it. It is a species of legislation which pertains
to another department of power, and where the State in
pursuing its duty to accommodate as far as practicable
the desire and the right to keep dogs, to the more bene-
ficial right of breeding and keeping sheep, has seen fit to
apply the method marked out in this statute. The act is
an exertion of the police power, and no reason is per-
ceived for denying its validity."

Under the act above referred to, the fund derived was
held by each township or city treasurer, and was payable
on the order of the township board or common council
of the city, each township or city being regarded as a
separate district, and losses occurring in each district were
to be paid out of the fund in that particular district.
At its session in 1889, the Legislature amended the act
of 1877 by adding four new sections, to stand as sections
11, 12, 13, 14. Section 11 provides—

"That all moneys collected within any city in this
State, and any township, or part of township, next adjoin-
ing thereto (the same being within one county), under
and by virtue of Act No. 198, Pub. Acts of 1877, as
amended, * * * shall be paid by the treasurer
of any such township, or part of township, and the treas-
urer of said city, respectively, to the treasurer of the

county wherein the same are situate, within the time county and State taxes are required to be paid over to him, and the moneys so paid  *  *  *   shall be kept by him as a special fund for the payment of any loss or losses that any person may suffer from the killing or wounding of any sheep or lambs by a dog or dogs within any such city or any said township or part of township."

Section 12 provides that the township board of such township, or part of township, or common council of such city, shall examine all certificates for damages, and, upon allowance, the clerk shall draw an order upon the county treasurer for such moneys.

Section 13 provides that the county treasurer shall pay such orders if he has sufficient moneys in said fund, or, if not, then he shall pay the same *pro rata*.

By section 14 it is provided that if any moneys remain in said fund after the payment of all such orders, and the amount of said moneys shall exceed the sum of $200, the sum in excess of $200 shall be apportioned by the county treasurer to the township, or parts of township, and said city in proportion to the amount contributed by each during the preceding year, and the amount so apportioned to any township, part of township, or city shall be respectively apportioned among the several school-districts of said township, part of township, and city, in proportion to the number of children therein of school age.

It is contended by counsel for the respondent that the sole purpose of placing the money in the hands of the county treasurer is to create a fund to the advantage of one community as against the other; that is, that the act upon its face shows that the tax raised in the city upon dogs kept therein is by the act appropriated to the rural communities, and therefore is unconstitutional and void. The very considerations which counsel urge may have influenced the Legislature in passing the act, but

those considerations do not render the act void. It is a matter of common knowledge that very many persons in cities and villages keep dogs, and that but few, if any, sheep are bred and kept therein. It is also as well known that dogs so kept often range beyond the view and control of their owners, and make excursions into the territory adjacent to these cities and villages, where sheep are bred and kept, and many sheep in the flocks so kept are worried, wounded, and killed. In consequence of the well-known liability of dogs to break through all discipline, and act according to their original savage nature, and because also of their liability to madness, it has been customary always to make dogs the subject of special and particular regulations. Under the police power, the Legislature has, since the organization of the State, from time to time placed restrictions upon the keeping of dogs, and by legislative enactment provided regulations for their keeping for the safety of individuals and sheep breeders in the care of their flocks. As was said in *Van Horn v. People*, 43 Mich. 186:

"As the charge laid on the owners of dogs is a pecuniary burden imposed by public authority, it partakes no doubt of the character of a tax, and for many purposes might be so spoken of without harm."

But a constitutional provision for the taxation of property by value will not preclude a *per capita* tax on dogs. Such a tax can seldom prove burdensome; each person assesses himself in determining how many dogs he will own and keep. The fund arising from this source, which is imposed as a police regulation, may be appropriated by the Legislature to the purpose, in some measure, as a recompense to those who have suffered damages from these animals.

It is not contended, in view of former decisions of this Court and the courts of other states, that the Legislature

may not make each township or city a district in which the fund may be accumulated for such purpose, and there is no force in the proposition that the district may not be enlarged to include the "territory adjacent to any city," and, in view of the well-known fact that these depredations are often committed in this adjacent territory by dogs kept in cities, there is no reason why the fund so collected should not be thus applied. Those who do not keep dogs are not interested in the fund, except they keep sheep; they have paid no part of it; and those who do keep dogs must expect that some restrictions shall be placed upon that right. The Legislature have said, "You may keep your dogs by the payment of this tax, and the moneys arising from the tax shall be distributed to those who, living in adjacent territory, and keeping sheep, have suffered from their depredations." It is a regulation which the Legislature had the undoubted right to make.

The writ of *mandamus* will issue as prayed.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred. CAHILL, J., did not sit.