(124 N. W. 689.)

---

THE VILLAGE OF LITCHVILLE v. H. J. HANSON.

Opinion filed January 29, 1910.

**Municipal Corporations—City Ordinances—Prosecutions—Constitutional Law.**

    1. City or village ordinances, though penal in character, are not "criminal laws." Prosecutions under city or village ordinances are not covered by that section of the constitution which reads: "All prosecutions shall be in the name and by the authority of the State of North Dakota." Consequently this action was properly brought in the name of the village.

**Municipal Corporations—Police Power—Licensing of Dogs—Constitutional Law.**

    2. Municipal corporations may levy a tax on the privilege of keeping dogs. Such a tax is not assessed by valuation, but is a specific assessment, and is in the nature of a license under a special police regulation, and is a constitutional exercise of the police power.

**Municipal Corporations—Dog Licenses—Summary Destruction—Constitutional Law—Due Process of Law.**

3. An ordinance making it unlawful for any person to keep, own, or harbor within the village of Litchville any dog without first having obtained a license therefor, and imposing a fine for a violation of the ordinance, and authorizing the destruction of any dog found at large on any of the public streets, alleys or grounds of the village, upon which license shall be unpaid, is valid and constitutional.

Appeal from District Court, Barnes county; *Edw. T. Burke,* J. .

Action by the Village of Litchville against H. J. Hanson. Judgment for plaintiff, and defendant appeals. Affirmed.

*C. W. Davis,* for appellant.

A proceeding to punish violators of a city ordinance is a criminal proceeding. State ex rel. Erickson v. West et al., 42 Minn. 147, 43 N. W. 845; 8 Am. & Eng. Enc. Law (2d Ed.) 252, violation of Ordinance, note 1 on page 253; 15 Enc. Pl. & Pr. 414.

*Alfred Zuger, (H. A. Olsberg of Counsel),* for respondent.

Legislature possesses police power, and may delegate it to municipal corporations. Blair et al. v. Forehead, 100 Mass. 136; City of Fairbault v. Wilson, 25 N. W. 449.

An ordinance authorizing the summary destruction of dogs running at large is not unconstitutional. Blair et al. v. Forehead, supra; Morey v. Brown 42 N. H. 373; City of Carthage v. Rhodes, 9 L. R. A. 352; Carter v. Dow, 16 Wis. 298; Cooley on Taxation, 1876, Chap. 19, p. 396, 397, 403, 407, 410 and 412; Mitchell v. Williams, 27 Ind. 62; Hendrie v. Kalthoff, 48 Mich. 306, 12 N. W. 191; People v. Salem, 20 Mich. 452; Woolf v. Chalker, 31 Conn. 121; 2 Desty on Taxation, 1404.

CARMODY, J. This action was commenced in the justice court of a justice of the peace of the village of Litchville, in Barnes county, by the plaintiff against the defendant for a violation by the defendant of an ordinance of said village known as Ordinance No. 7, being an ordinance to license the keeping of dogs within said village. The defendant was found guilty of violating said ordinance, and thereupon said justice imposed a fine of $5 and costs. From the judgment entered thereon defendant appealed to the district court of Barnes county. A jury was waived, and the case submitted to the court upon a stipulation of facts, by which stipulation both parties waived all irregularities, and stipulated that the

—43—

case be considered on its merits only. The district court made findings of fact and conclusions of law in favor of the plaintiff, and adjudged that the plaintiff recover judgment against the defendant for the sum of $5 and costs. From the judgment entered thereon defendant appeals to this court. No statement of the case was settled, and consequently all that we can consider is the judgment roll proper.

The first four errors assigned are as to proceedings in the justice court, and cannot be considered by us, as the justice court record is not before this court. Appellant contends (1) that the action is not a civil action, but a criminal action, and was improperly brought in the name of the village; and (2) that the ordinance is unconstitutional and invalid. These are the only two questions properly before us, and are really the only questions in the case. Subdivision 19, 2864, Rev. Codes 1905, defining the powers of the board of trustees of an incorporated village, as far as material here, is as follows: "To prescribe fines, penalties and forfeitures for violations of this chapter, or of any by-laws or ordinances by it established, not exceeding ten dollars for any one offense, which may be recovered by action in the name of the corporation   *   *   *   ." At common law punishments for the violations of municipal ordinances were treated in the light of civil actions; the imprisonment after the non-compliance with the order of the court imposing the payment of a fine being looked upon, not in the light of punishment, but as a means of compelling a compliance with the order of the court and of enforcing payment. A very full discussion of this question is found in note in 331 L. R. A., commencing at page 33. City or village ordinances, though penal in character, are   not   criminal   laws.   Prosecutions under city or village ordinances are not covered by   that   section of the Constitution which reads: "All prosecutions shall be in the name and by authority of the state of North Dakota." Cases under city or village ordinances, while resembling criminal cases in being penal proceedings, are not, strictly speaking, criminal proceedings. 8 Am. & Eng. Ency. of Law (2 Ed.) 252, 253. Consequently this action was properly brought in the name of the village. City of Huron v. Carter, 5 S. D. 4, 57 N. W. 947; 15 Ency. Pl. & Pr. 413, 414; City of Emporia v. Volmer, 12 Kan. 475; City of Davenport v. Bird, 34 Iowa 524; Ex parte Hollwedell, 74 Mo. 395; City of Mankato v. Arnold, 36 Minn. 62, 30 N. W. 305; 17 Am. & Eng. Ency. of Law (1st Ed.) 260, 264. In Ex parte Hollwedell, supra, the court

says: "Nor do we regard the violation of the ordinance under consideration as a crime, since 'a crime is an act committed in violation of public law,' a law co-extensive with the boundaries of the state which enacts it. Such a definition is obviously inapplicable to a mere local law or ordinance passed in pursuance of and in subordination to the general or public law for the promotion of the preservation of peace and good order in a particular locality and enforced by the collection of a pecuniary penalty. * * * The right of a municipal corporation in this state to maintain in its own name a proceeding to recover a fine for non-observance of an ordinance has never been questioned, even though there be a general law of the state also imposing a fine for a like offense." In City of Mankato v. Arnold, supra, the court says: "Offenses against ordinances enacted by a municipal corporation in the exercise of its legitimate police authority, for the preservation of the peace, good order, health, or morals of the community, are not generally construed to be criminal cases in the proper sense of the term 'criminal,' and the prosecutions therefore are not 'criminal prosecutions' within the meaning of the Constitution, which refers to prosecutions for offenses essentially criminal under the general laws of the state."

Appellant contends that the ordinance is invalid because it imposes upon every person who owns, keeps, or harbors one or more dogs in the village of Litchville the necessity of annually paying to the village treasurer for said village a license tax of $1 for each male dog and $3 for each female so owned, kept, or harbored. A failure to do this dooms the offender to the payment of a fine of from $3 to $10 and costs of prosecution, and the unlicensed dog may be put to death if unfortunate enough to be found at large on any of the public streets, alleys, or grounds of the village. Appellant also contends that the ordinance is unconstitutional on two grounds: (1) Because it provides for depriving a person of his property without due process of law. (2) Because it imposes taxation that is not authorized by the Constitution, and claims the manifest purpose, as well as the express provisions of the ordinance, is to produce an annual revenue by levying a specific annual capitation tax upon all dogs owned, kept, or harborded within the village. Neither of these points are well taken. Subdivision 5; 2864, supra, authorizes the board of village trustees to regulate, restrain, and prohibit the running at large of horses, cat-

tle, swine, sheep, goats, geese, and dogs, and to impose a tax or license on dogs not to exceed $2 on each male dog and $3 on each female dog owned or kept within such village.

Section 1 of the ordinance, under which this prosecution is carried on, provides in substance: It shall be unlawful for any person to keep, own, or harbor within the village of Litchville any dog or bitch without first having obtained a license therefor and complied with the provisions of this ordinance.

Section 2 provides for an annual license fee of $1 for male dogs and $3 for female dogs. Section 3 provides for a fine of not less than $3 nor more than $10 and the costs of prosecution for a violation of this ordinance. Section 4 provides that any dog found at large on any of the public streets, alleys, or grounds of the village upon which license shall be unpaid shall be destroyed, and it is made the duty of the village marshal to enforce this ordinance. We think this ordinance constitutional and valid, even though dogs are property. "Municipal corporations may levy a tax on the privilege of keeping dogs. Such a tax is not assessed by valuation, but is a specific assessment, to be regarded as a license. It cannot be regarded as a tax on property within the act exempting personal property from taxation. It is a special privilege tax, a special and peculiar regulation for the purpose of repressing mischief likely to be done by them to more valuable property and to persons. It is not a charge on property to raise a revenue, but is in the nature of a license under a special police regulation, and is a constitutional exercise of the police power." 2 Desty on Taxation, p. 1403; City of Carthage v. Rhodes, 101 Mo. 175, 14 S. W. 181, 9 L. R. A. 352; Blair v. Forehand, 100 Mass. 136, 97 Am. Dec. 82, 1 Am. Rep. 94; City of Fairbault v. Wilson, 34 Minn. 254, 25 N. W. 449; Cranston v. Mayor, etc., of Augusta, 61 Ga. 573; Shelby Tp. v. Randles, 57 Ind. 390; State v. Holder, 81 N. C. 527, 31 Am. Rep. 517; Woolf v. Chalker, 31 Conn. 121, 81 Am. Dec. 175; Kalthoff v. Hendrie, 48 Mich. 306, 12 N. W. 191; Morey v. Brown, 42 N. H. 373; Carter v. Dow, 16 Wis. 298; Holst v. Roe, 39 Ohio St. 340, 48 Am. Rep. 459; Van Horn v. People, 46 Mich. 183, 9 N. W. 246, 41 Am. Rep. 159; Cole v. Hall, 103 Ill. 30; Mitchell v. Williams, 27 Ind. 62; Tenney v. Lenz, 16 Wis. 566. In City of Carthage v. Rhodes, supra, the court says: "There being an express grant of power to regulate, there can be no question as to the power in the city to regulate by

way of a license for which a specific sum may be charged, unless the exercise of the power is precluded by the constitutional provision requiring the property to be taxed in proportion to its value." Taxation may be for the purpose of raising revenue, or for the purpose of regulation. Where for the purpose of, regulation, it is an exercise of the police power of the state. They are both distinct coexistent powers in the state, and either or both may be exercised through a municipal corporation. In this case, by the terms of the charter, both powers are granted to the city of Carthage as to the dogs of that city. The dog license tax required by the ordinance is easily referable to the exercise of the police power granted. The ordinance is also valid in authorizing the destruction of dogs found running at large. City of Faribault v. Wilson, 34 Minn. 254, 25 N. W. 449; Morey v. Brown, 42 N. H. 373; City of Carthage v. Rhodes, 101 Mo. 175, 14 S. W. 181, 9 L. R. A. 352. Blair v. Forehand, 100 Mass. 136, 97 Am. Dec. 82, 1 Am. Rep. 94; Mowry v. Salisbury, 82 N. C. 175; Cole v. Hall, 103 Ill. 30. The ordinance in the. latter case was a great deal more drastic than the one in the case at bar.

Finding no error, the judgment appealed from is affirmed. All Concur.