(79 South. 396)

BAREFIELD v. STATE. (4 Div. 556.)

(Court of Appeals of Alabama. June 29, 1918.)

1. CONSTITUTIONAL LAW ⊚⇒68(4)—TAXATION—POWERS OF JUDICIARY.

The power of taxation by the state is legislative, and cannot be controlled by the judiciary, except as provided by Const. 1901, § 211, requiring taxes on property to be assessed in proportion to the value of the property.

2. LICENSES ⊚⇒7(7)—TAXATION ACCORDING TO VALUE—PRIVILEGE TAX.

Since property is not the only subject of taxation, Const. 1901, § 211, requiring all taxes on property to be assessed in exact proportion to the value of the property, does not apply to privilege taxes or taxes on occupations and franchises.

3. ANIMALS ⊚⇒4 — LICENSE — DOG TAX — VALUE.

Acts 1915, p. 599, § 6, imposing a flat tax on dogs, regardless of value, is not in violation of Const. 1901, § 211, requiring all taxes on property to be assessed in proportion to the value of the property since it is a tax upon the privilege of keeping a dog.

4. ANIMALS ⊚⇒2—DOGS—RIGHTS OF OWNERSHIP.

The owner of a dog has a property right therein, which will sustain an action for its wrongful destruction or injury.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

W. D. Barefield was convicted of failing to list a dog for taxation, and he appeals. Affirmed.

T. M. Espy, of Dothan, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

BROWN, P. J. The defendant was convicted of the offense denounced by section 6 of the act approved September 18, 1915, page 599, Acts 1915. Section 1 of this act requires the listing of dogs for taxation by the owner or tax assessor without valuation being affixed, and section 2 provides:

"The owner of every male dog over four months of age shall pay a license or privilege tax thereon of one dollar, and of every female dog" over four months of age "one dollar. The first assessment under this act shall be made in the year 1915, between the first day of October and the 31st day of December. Said license or privilege tax shall be due and collectible as other taxes and collected by the tax collector and paid to the county treasurer, or the custodian of State or county funds. The treasurer or custodian of said funds shall keep such license or privilege tax on dogs separate from other funds. The amount collected by said license or privilege tax on dogs shall be used to indemnify losses by the killing or injuring of sheep or other live stock by dogs, as herein provided: Provided that this act shall not apply to dogs in municipal corporations which impose tag tax of at least one dollar per head on such dogs."

Section 3 of the act provides the method of proving claims for damages or injury to stock by dogs, and authorizes the court of county commissioners or like boards of the counties to direct payment of such injury or damage out of the fund created by the act, and section 6 provides that any person who shall keep or harbor a dog on his premises or elsewhere, and who fails or refuses to pay the license or privilege tax thereon when due, shall be fined not exceeding $5 for such offense. The sole contention of the appellant here is that the tax levied by this act is a property tax, and that the act is violative of section 211 of the Constitution, providing that:

"All taxes levied on property in this state shall be assessed in exact proportion to the value of such property."

[1-2] It is well settled that the power of the state to tax, so far as it is not restrained by the Constitution, is a legislative power, and cannot be controlled by the judiciary; that the quoted section is a limitation on the power of the Legislature, and relates to direct tax on property, and that property is not the only subject of taxation in this state (Phœnix Carpet Co. v. State, 118 Ala. 143, 22 South. 627, 72 Am. St. Rep. 143), but this section has no reference to privilege taxes for the exercise of privileges, occupations, and franchises (Goldsmith v. Huntsville, 120 Ala. 182, 24 South. 509; City of Montgomery, In re Know, 64 Ala. 463; W. U. Tel. Co. v. State Board, 80 Ala. 273, 60 Am. Rep. 99; Anniston v. Southern Railway, 112 Ala. 557, 20 South. 915; Capitol Co. v. Board Montgomery County, 117 Ala. 303, 23 South. 970).

[3] The tax here is not levied on the property, but is levied against the owner of the dog as a license or privilege tax. This fact differentiates this statute from the one considered and condemned in Smith v. Court of County Commissioners, 117 Ala. 196, 23

---

South. 141. The act there considered provided, "There is hereby levied a specific tax for the benefit of public roads, upon the following described property, to wit," etc., so the question is, Can the Legislature tax the privilege of owning and keeping a dog?

[4] It is well settled that the owner of a dog has a property right therein which will sustain an action for its wrongful destruction or injury, and the statutes of this state make it a subject of larceny. Code 1907, § 7325; Minor v. Coleman, ante, p. 5, 74 South. 841.

"All rights of property are held subject to such reasonable control and regulation of the mode of keeping and use as the Legislature, under the police power vested in them by the Constitution of the commonwealth may think necessary for the preventing of injuries to the rights of others and the security of the public health and welfare. In the exercise of this power, the Legislature may not only provide that certain kinds of property (either absolutely or when held in such manner or under such circumstances as to be injurious, dangerous or noxious) may be seized and confiscated upon legal process after notice and hearing, but may also, when necessary to insure the public safety, authorize them to be summarily destroyed by the municipal authorities, without previous notice to the owner—as in the familiar cases of pulling down buildings to prevent the spreading of a conflagration or the impending fall of the buildings themselves, throwing overboard decaying or infected food, or abating other nuisances dangerous to health." Blair v. Forehand, 100 Mass. 136, 97 Am. Dec. 82, 1 Am. Rep. 94.

"The police power of the state has been exercised to regulate and control property in dogs to a greater extent than in any other class of domestic animals, and because of their tendency to revert to their savage state and become a public nuisance, it cannot be questioned that they are properly subject to such regulation, although the authorities are not always in entire agreement as to the course which such regulation may take and its general effect. Such regulations, however, usually run in the direction of imposing license taxes on the keeping of dogs, and providing for their summary destruction in case such requirement is not complied with. In this connection, the exercise of the police power is distinguishable from the exercise of the power of taxation and the imposition of a license tax on the owner of dogs may be sustained under the former, although under the latter that might be invalid, because of inequality, or lack of uniformity. 1 R. C. L. p. 1127, § 71, and authorities there cited; Blair v. Forehand, supra; Van Horn v. People, 46 Mich. 183, 9 N. W. 246, 41 Am. Rep. 159; Hendrie v. Kalthoff, 48 Mich. 306, 12 N. W. 191; Longyear v. Buck, 83 Mich. 236, 47 N. W. 234, 10 L. R. A. 43; Carter v. Dowe, 16 Wis. 298; Paxton v. Fitzsimmons, 253 Ill. 355, 97 N. E. 675, 39 L. R. A. (N. S.) 155; McGlone v. Womack, 129 Ky. 274, 17 L. R. A. (N. S.) 855 ⁓; Carthage v. Rhodes, 101 Mo. 175, 14 S. W. 181, 9 L. R. A. 352; Griggs v. Macon, 103 Ga. 602, 30 S. E. 561, 68 Am. St. Rep. 154; Mitchell v. Williams, 27 Ind. 62; Holst v. Roe, 39 Ohio St. 340, 48 Am. Rep. 459; Cooley on Taxation, 303.

The only authority cited by appellant to sustain the contention that such privilege may not be taxed is that of Mayor of Washington City v. Meigs, 1 McArthur (D. C.) 53, 29 Am. Rep. 578, involving the validity of a city ordinance of the city of Washington, and the question there considered was whether or not Congress had conferred the power upon the city authorities to pass such an ordinance, and not whether Congress itself could tax such privileges. We quote from the opinion:

"We think with the learned defendant, who argued the case for himself, that Congress did not confer upon the corporation the power to interfere with the rights of property as recognized at the time of the cession of the district. We are not called upon, however, to pass upon the question of the powers of Congress, under the grant 'to exercise exclusive legislation in all cases whatever.' "

The action here assailed is that of the Legislature, which is invested with full plenary power, unless restrained by the Constitution of the state. The opinion prevails that the act in question is not subject to the objections urged by the appellant, and that the record is free from reversible error.

Affirmed.