Fink *v.* Evans.

FINK *v.* EVANS.

(*Knoxville.* October 12, 1895.)

1. RAILROADS. *Statutory precautions observed for dogs.*

Dogs are within the contemplation of the statutes requiring the whistle to be sounded, and other precautions for the prevention of accidents to be taken, where " any person, animal, or other obstruction" appears upon the track of a railroad in front of its trains. (*Post, pp. 415, 416.*)

Code construed: § 1298 (M. & V.); § 1166 (T. & S.).

2. SAME. *Dogs running on track are trespassers.*

Dogs running on a railroad track are trespassers, and entitled to such consideration only as attaches to that character. (*Post, pp. 417, 418.*)

Cases cited and approved: L. R., 4 Q. B. D., 9; 7 Taunt., 489.

3. SAME. *Not liable for killing dogs, when.*

A railroad company is not liable for the killing of dogs running upon its track toward an approaching engine where, as soon as they could be seen, the whistle was sounded, and everything possible was done to avert the accident. (*Post, pp. 417, 418.*)

4. JURY. *Are not judges of the law.*

The jury in a civil case are neither the judges of the law nor of its applicability, as given them, to the facts of the case. (*Post, p. 418.*)

Cases cited and approved: Harris *v.* State, 7 Lea, 543; Hannum *v.* State, 90 Tenn., 654.

---

FROM M'MINN.

---

Appeal in error from Circuit Court of McMinn County. JAMES G. PARKS, Judge.

HARBISON & ROBERTS, and MAYFIELD & SON for Fink.

GASTON & ROBINSON for Evans.

WILKES, J.   This suit was commenced before a Justice of the Peace of McMinn County, to recover damages for the killing of two hound dogs belonging to the plaintiff, Evans.   The Justice gave a judgment for the plaintiff for $37.50 and costs, and the defendant receivers appealed to the Circuit Court. In that Court the case was heard before the Court and a jury, and a udgment was rendered for $20 and costs, and the receivers have brought the case to this Court by writ of error, and have assigned as errors that there is no evidence to support the verdict, and that it is contrary to the charge of the Court, and that the damage is excessive, and that there are errors in the charge of the Court.

The facts, so far as necessary to be stated, are, that Fink and McGhee were receivers of the East Tennessee, Virginia & Georgia Railroad, and were operating its line, running through McMinn County, with passenger and freight trains.   The plaintiff states that he is a fox hunter, and was pursuing his avocation, also in McMinn County, in a locality contiguous to the defendants' line of road.   On the night of November 8, 1892, two of the plaintiff's hound dogs were run over by the defendants' train, and one was killed and the other was permanently disabled.

Upon the question of the value of the dogs thus killed plaintiff states that one was a red and white spotted hound, and the other was a red and white hound but without any spots. They were both good fox dogs, and also good 'possum and squirrel dogs, and were as good "all round" dogs as he ever owned. They had cost him about $10 to raise them, and, up to the time they were killed, had run four races, and he thinks they were worth $25 each.

Other witnesses for plaintiff describe the dogs as young, of common stock on the mother's side, but of good parentage on the father's side, and they both resembled their father. They further state that for some things they were worth less than a horse, but for running foxes they were worth more, and that it was much easier to buy them than it was to sell them. They also state that they were not well trained, and could not start a fox by themselves, and they estimated their value at from $20 to $35.

The witnesses for the receivers, however, state that they had no real value, and that there is no market in McMinn County for hound dogs.

We think it not absolutely necessary that we should pass upon the contested question of value, as, in our opinion, the cause must be decided on other grounds. It is insisted that the Court erred in charging the jury that a dog is such an animal as the statute contemplates when it requires that the whistle shall be sounded when they are seen upon the track. This is not an error. This Court has

heretofore held that a dog is such an animal as the statute contemplates.

It is insisted that there is no evidence to support the verdict, and a review of the testimony becomes, therefore, important.

The plaintiff's version of the killing is that, on the night it occurred, he passed up the road between Athens and Mouse Creek. It was a beautiful, bright moonlight night, and his dogs soon struck a trail. The fox crossed the railroad about the same time the train passed. The dogs were running very close, and three of the dogs in front were run over, two of them belonging to plaintiff, and one to a neighbor, and not sued for in this action. Plaintiff states that he was about a quarter of a mile distant from the place of the killing, and that the whistle was blown for the pack of dogs. The plaintiff's version is that the train was going west, towards Chattanooga, and the dogs were going east, towards Knoxville. They were all on the same track, and going in opposite directions, and, under these facts, a head-end collision was unavoidable. He states, further, that they were on the track about 600 or 700 yards, and ran that distance in about a half a minute before they were struck. This would be at the rate of forty-five miles an hour, while the train was going at the rate of thirty-five miles an hour in the opposite direction.

The engineer, who seems to be the only eyewitness of the killing, states that he was running pas-

senger train No. 1 on schedule time and at the usual rate, and, when he first saw the dogs, they were coming towards the engine at full. speed, and about thirty or thirty-five feet in front of it; that he immediately blew the alarm whistle, which was all that could be done before the train ran over the dogs. It is insisted by the plaintiff that, while the whistle was sounded, it was intended for the whole pack, and not for the three dogs that were run over. This, however, seems to be a mere opinion of the witness, as he was a quarter of a mile away from the place when the whistle was sounded. In addition, it would, we think, be requiring too great diligence for the engineer to whistle for each particular dog, and more especially as he had no means of informing. each dog that any special whistle was sounded for him.

Upon these facts it appears that the receivers were running their train upon their own track on regular schedule time, and had no other track at that place upon which they could run. On the other hand, the plaintiff's dogs were running on the railroad's track instead of the fox's track, which simply crossed the railroad, and, when they were seen, the whistle was sounded, and everything was done that could be done by the railroad company to avert the disaster. The dogs were guilty of the grossest contributory negligence in running on the track and heeding neither whistle nor the approach of the engine until a collision occurred with fatal

27—11 P

results to them. The dogs were clearly trespassers on the railroad track, and were only entitled to such consideration as trespassers have under the law. *Paul* v. *Summerhayes*, L. R., 4 Q. B. D., 9; *Deane* v. *Clayton*, 7 Taunt., 489; Cooley on Torts, 2d Ed., Sec. 329, note 3.

Under the state of facts, we are unable to find any evidence in the record upon which to base a verdict against the railroad receivers.

It is also insisted that the trial Judge erred in saying to the jury, in his charge, that they were the judges of the law as applicable to the lawsuit. This is error. It is the province of the trial Judge to charge the law applicable to the case to the jury, and the latter are, in civil cases, neither the judges of the law nor of its applicability as given them to the facts of the case. *Harris* v. *The State*, 7 Lea, 543; *Hannum* v. *The State*, 6 Pick., 654.

Let the judgment be reversed, and cause remanded for a new trial. Appellee will pay the cost of the appeal.