### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## MIDDLE DIVISION

## NASHVILLE, DECEMBER TERM, 1917.

STATE v. W. P. ERWIN.

(*Nashville.* December Term, 1917.)

**CONSTITUTIONAL LAW.** ˙Licenses. Statutes. Due process of law. Compensation. Uniform Taxation. General Laws.

Acts 1907, chapter 32 (Thomp. Shan. Code, section 2853a2 et seq.), requiring registration and license fee of $3 in order to keep a female dog, the fees over expenses to go to the school fund, does not contravene Const. article 1, sections 8, 21, article 2, section 28, nor article 11, section 8, providing that property shall not be taken without a judgment of peers of the land, or without compensation, that taxes shall be uniform, and prohibiting special laws.

Acts ˙cited and construed: Acts 1907, ch. 32; Acts 1875, ch. 67.

Cases cited and approved; State v. Brown, 68 Tenn., 53; Wheatley v. Harris, 36 Tenn., 468; Citizens' Rapid Transit Co. v. Dew, 100 Tenn., 323; Fink v. Evans, 95. Tenn., 413; Phillips v. Lewis, 3 Tenn. Cas., 230; Sentell v. New Orleans & Carrolton R. R. Co., 166 U. S., 698; Paxton v. Fitzsimmons, 253 Ill.,

355;  McGlone v. Womack, 129 Ky., 274;  Cartharge v. Rhodes, 101 Mo., 175;  Litchville v. Hanson, 19 N. D., 672;  Dickerman v. Railroad, 79 Conn., 427;  Foster v. Speed, 120 Tenn., 470; Motlow v. State, 125 Tenn., 559;  State v. Persica, 130 Tenn., 48; State v. Nowell, 137 Tenn., 82;  Lindsley v. Gas Co., 220 U. S., 61.

Code cited and construed:  Sec. 2853a2 (T.-S.).

Constitution cited and construed:  Secs. 8, 21, Art. 1;  Sec. 28, Art. 2;  Sec. 8, Art. 11.

---

FROM MAURY.

---

Appeal from the Criminal Court of Maury County. —J. T. McKnight, Judge.

W. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Webster & Webster, for appellee.

Mr. Justice Fentress delivered the opinion of the Court.

The defendant was indicted for keeping a female dog more than three months of age, without having reported the dog for registration, as required by chapter 32 of the Acts 1907 (Thomp. Shan. Code, section 2853a2 et seq.)  He moved to quash the indictment upon the ground that the act was unconstitutional, and the trial judge sustained the motion.  The State has appealed to this court.

The caption of the act is entitled:

"An act to regulate the keeping of female dogs, by requiring them to be registered and to declare the running at large of unregistered female dogs a public nuisance."

It provides that the circuit court clerk shall keep a book in which all female dogs in the county three months old and over, shall be registered in the following form:

"Number, name, age, color, breed, name and address of keeper, date of registry."

It is also provided that the owner shall pay $3 for each dog registered and that the clerk shall furnish a collar and a tag to be worn by the dog, upon which shall be stamped the registration number.

It is made a misdemeanor for any person owning or keeping such a dog to fail to report it for registration, or to permit it to run at large without registration.

The act makes it the duty of the circuit court clerks on the 31st of December of each year to "make up their accounts of the receipts from the registry of female dogs, from which shall be deducted the cost of books, collars, tags or other necessary expense, and a fee of fifty cents for each female dog registered, which shall be the fee or compensation of the clerk, and he shall make a report to commissioner of agriculture on the 10th of January of each year of the number of female dogs registered in his county the preceding year."

It is further provided that the balance shall go to the common school fund.

The defendant insists that the act contravenes sections 8 and 21 of article 1, and section 28 of article 2, and section 8 of article 11, of the Constitution of the State, and is therefore void.

It has been repeatedly held by this court that dogs are property. *State* v. *Brown,* 9 Baxt., 53, 40 Am. Rep., 81; *Wheatley* v. *Harris,* 4 Sneed, 468, 70 Am. Dec., 258; *Citizens' Rapid Transit Co.* v. *Dew,* 100 Tenn., 323, 45 S. W., 790, 40 L. R. A., 518, 66 Am. St. Rep., 754; *Fink* v. *Evans,* 95 Tenn., 413, 32 S. W., 307; *Phillips* v. *Lewis,* 3 Tenn. Cas., 230. However, they are property of such a character that the Legislature, in the exercise of the police power of the State, has seen fit to regulate the keeping of them, so as to protect the safety of the people and of property from their offensive and destructive propensities. The right to do so is not denied, but it is said the act is not a police measure, but a revenue act, and therefore can not be upheld. The insistence is that compliance with the statute will not make dogs less obnoxious. Of course, the registration of dogs and attaching to them collars with tags, for which the owner is made to pay a tax, will not change their inherently bad qualities; but it will probably reduce their number and cause the owners of them to use greater care to see that they do not harm the persons or property of others. Legislative acts and city ordinances of similar purport, imposing a privilege or special tax upon the keeping of dogs have almost universally been held to be a constitutional exercise of the police power of the States and municipalities. *Sentell v.*

*New Orleans & Carrolton R.R. Co.,* 166 U. S., 698, 17 Sup. Ct., 693, L. Ed., 1169; *Paxton* v. *Fitzsimmons,* 253 Ill., 355, 97 N. E., 675, 39 L. R. A. (N. S.), 855; *McGlone* v. *Womack,* 129 Ky., 274, 111 S. W., 688, 17 L. R. A. (N. S.), 855; note to *Citizens' Rapid Transit Co.* v. *Dew,* 40 L. R. A., 520; *Carthage* v. *Rhodes,* 101 Mo., 175, 14 S. W. 181, 9 L. R. A., 352; *Litchville* v. *Hanson,* 19 N. D., 672, 124 N. W., 1119, Ann. Cas., 1912D, 876; *Dickerman* v. *Railroad,* 79 Conn., 427, 65 Atl., 289, 8 Ann. Cas., 417.

In *Foster* v. *Speed,* 120 Tenn., 470, 111 S. W., 925, 22 L. R. A. (N. S.), 949, 15 Ann. Cas., 1066, this court held that, if one maintains a nuisance by doing something which causes the public a special inconvenience and increases the cost of government, that fact justifies the State in discriminating against him in taxation, because the burden of taxation should fall heaviest upon those things which are obnoxious to the public.

Such enactments are not arbitrary class legislation. *Motlow* v. *State,* 125 Tenn., 559, 145 S. W., 177, L. R. A. 1916F, 177; *State* v. *Persica,* 130 Tenn., 48, 168 S. W., 1056; *State* v. *Norvell,* 137 Tenn., 82, 191 S. W., 536, L. R. A., 1917D, 586; *Lindsley* v. *Gas Co.,* 220 U. S. 61, 31 Sup. Ct., 337, 55 L. Ed. 369, Ann. Cas., 1912C, 160.

It is insisted that in *Phillips* v. *Lewis,* 3 Shan. (Tenn. Cas.), 230, this court held to be unconstitutional chapter 67 of the Acts of 1875, which imposed a tax upon keeping dogs, upon the ground that it subjected this character of property to double taxation. That act should be distinguished from the act

State v. Erwin.

here attacked. The primary object of the former was to raise revenue. This is shown by the italicized portion of the caption: "*An act to increase the revenue of the State* and encourage wool-growing." The court held that it was not intended to be a police regulation. The object of the present act is the regulation of dogs. The tax is only an incident to the object expressed, and is not much more than enough to cover the cost of its execution.

We are of the opinion that the act is a valid exercise of the police power of the State. The judgment of the trial court is reversed, and the case will be remanded for further proceedings.