# PONDER *v*. STATE.

## (*Jackson*, April Term, 1919.)

1. **ANIMALS.** Statutes. Classification of counties. Registering dogs.

   Priv. Laws 1917, chapter 648, section 1, declaring a public nuisance the running at large of dogs not registered, in counties having a population between 29,946 and 29,975, according to the 1910 federal census, is not unconstitutional as partial; counties being properly subjected to the population classification basis. (*Post, pp.* 487, 488.)

   Acts cited and construed: Acts 1917, ch., 648.

   Cases cited and approved: State v. Erwin, 139 Tenn., 341; Thomas v. State, 136 Tenn., 47.

2. **CONSTITUTIONAL LAW.** Discrimination. Registering dogs.

   The requirement of Priv. Laws 1917, chapter 648, that dogs be registered and wear collars bearing tags for identification is reasonable, and the enactment that dogs not so identified are a public nuisance when found running at large, while dogs so identified are permitted to run at large, is not an arbitrary and unreasonable discrimination. (*Post, pp.* 488, 489.)

3. **STATUTES.** Title. Provisions germane to general subject. Registration of dogs. Disposition of fees.

   Priv. Laws 1917, chapter 648, entitled "An act to regulate the keeping of dogs by requiring them to be registered and to declare the running at large of unregistered dogs a public nuisance in certain counties of this State and to provide penalties for violations of this act," is not unconstitutional as being broader than its title, in that section 8 thereof, providing that balance of registration fees, if any, shall be credited to a "Dog and Stock" fund, is not germane to its general subject; the tax being but an incident to the object expressed. (*Post, pp.* 489, 490.)

4. **EMINENT DOMAIN.** Licenses. Taxation. Taking property without just compensation. Equality of taxation.

   Priv. Laws 1917, chapter 648, as to registering dogs, does not violate Constitution article 1, section 21, in that it takes property without

just compensation being made therefor, nor article 2, section 28, providing that no one species of taxable property shall be taxed higher than any other species of property of the same value. (*Post, pp.* 490, 491.)

Constitution cited and construed: Art. 1, sec. 21; Art. 2, sec. 28.

5. ANIMALS. Dogs. Registration. Penalty.

Under Priv. Laws 1917, chapter 648, requiring registration of dogs, it is no defense to an indictment for keeping and permitting a dog to run at large in September without first having been registered, which is a misdemeanor under section 6, that the tax is not delinquent under section 12 until October 1st, since the latter section requires registration by July 1st. (*Post, pp.* 491, 492.)

---

FROM OBION.

---

Error to the Circuit Court of Obion County.—HON. JOSEPH E. JONES, Judge.

PIERCE & FRY, for plaintiff in error.

THE ATTORNEY-GENERAL, for the State.

MR. JUSTICE HALL delivered the opinion of the Court.

The defendant below, Jim Ponder, was indicted in the circuit court of Obion county at its September term, 1917, for keeping a dog three months of age or over without having reported it for registration as required by chapter 648 of the Private Acts of 1917.

A motion was made to quash the indictment upon several grounds, all of which were overruled. Thereupon the defendant was tried without a jury, and a fine of $10 was assessed against him, and he was taxed

with the costs of the cause.  His motions for a new trial and in arrest of judgment having been severally overruled and judgment entered against him, he has appealed to this court, and has assigned errors.

It is conceded that the evidence was sufficient to support the judgment of the trial court, and the questions raised upon this appeal are all based upon the alleged unconstitutionality of chapter 648 of the Private Acts of 1917, under which the defendant was indicted, and upon the alleged insufficiency of the indictment. These questions were presented by the motion to quash the indictment.

Chapter 648 of the Private Acts of 1917 applies to counties having a population of not less than 29,946 nor more than 29,975, according to the federal census of the year 1910, or any subsequent federal census. Obion county was given a population of 29,946 by the federal census of 1910, and therefore falls within the application of said act.   The title of said act is as follows:

"An act to be entitled 'An act to regulate the keeping of dogs by requiring them to be registered and to declare the running at large of unregistered dogs a public nuisance in certain counties of this State, and to provide penalties for violation of this act.' "

Section 1 of the act provides that the running at large of dogs not registered as otherwise provided in the act is declared to be a public nuisance, and requires that the owners of dogs three months of age or over shall report the same for registration annually to the circuit court clerk.

Sections 2 and 3 of the act direct the circuit court clerk with respect of the registration.

Section 4 provides for the method of registration, and provides that every person registering a dog shall be furnished with a leather collar, to which must be attached a tag showing the registered number of the dog, which collar and tag must be kept on the dog continuously.

Section 5 provides that for the registry of each dog and the furnishing of the collar and tag a fee of $1.50 must be collected by the circuit court clerk.

Section 6, the penal section, upon which the indictment is based, is as follows:

"Any person owning or keeping a dog three months old or over, and failing to report the same, for registration, or permitting such to run at large without being registered, shall be guilty of a misdemeanor, and upon conviction shall be fined not less than five dollars nor more than twenty-five dollars for each dog kept and not reported, or permitted to run at large without being registered, and shall pay all costs."

Section 7 gives the grand jury inquisitorial powers over violations of said act.

Section 8 provides for the keeping of an account of the registry fees collected, and for the payment of the administration of the act, and then provides that: "The balance, if any remaining shall be credited to an account to be opened and kept by the clerk to be known as the 'dog and stock' fund and shall be paid out as the law in such cases may provide, and all such disbursements be reported to said court and sworn to by the clerk."

Other provisions of this section are immaterial.

Section 9 provides for the annual registration of each dog.

Section 10 provides that county tax assessor shall annually make a list of all dogs found in the county, for which he is to receive a fee of five cents for each dog listed and reported to the clerk.

Section 11 provides that a certified copy of the list of all delinquent owners of dogs who have failed to register their dogs shall be furnished to the grand jury at any term of court, and further provides that the certified list shall constitute *prima-facie* evidence of the nonregistration of dogs, upon which the grand jury is authorized to return an indictment, as provided by sections 6 and 7.

Section 12 provides that the registration must be made or renewed during the month of July of each year, and further provides that the registration "shall become delinquent from and after the 1st day of October of each year."

Section 13 provides that nothing in the act shall exempt the owner of any dog from liability for any damage caused by it.

Section 14 provides that the statute shall apply to counties having a population of not less, than 29,946 nor more than 29,975, according to the federal census of the year 1910 or any subsequent federal census.

This court, in the case of *State* v. *Erwin*, 139 Tenn., 341, 200 S. W., 973, passed upon the constitutionality of a statute similar to the one now involved. The title of the act involved in that case was almost identical with the title of the act involved in the instant case, the

only exception being that the act in the Erwin Case affected only female dogs. The title of the act in the Erwin Case was as follows:

"An act to regulate the keeping of female dogs, by requiring them to be registered, and to declare the running at large of unregistered female dogs a public nuisance." Laws 1907, chapter 32.

The material points of difference between the statute involved in the Erwin Case and the statute involved in the instant case are as follows:

(1) The statute involved in the Erwin Case applied to the State at large, while the statute involved in the case at bar applies only to certain counties; (2) the statute involved in the Erwin Case applied only to female dogs, while the statute involved in the case at bar applies alike to all dogs; (3) the registration fee provided for in the statute involved in the Erwin Case was $3, while the registration fee prescribed by the statute under consideration is only $1.50; (4) the registration provided for in the statute involved in the Erwin Case was not to be renewed, while the statute under consideration provides for an annual registration; (5) the balance remaining from the proceeds of the registration required by the statute involved in the Erwin Case, after paying all expenses incident to the administration of the statute, was required to be paid into the common school fund, while the balance of such fund, under the statute involved here, is required to be paid into a "dog and stock" fund, the disposition of which is provided for in another statute (chapter 647 of the Private Acts of 1917, applying to the same counties).

Ponder v. State.

In the Erwin Case this court held that while dogs are property, as repeatedly held in the earlier cases cited by the court in that case, they are property of such a character that the legislature, in the exercise of the police power of the State, has seen fit to regulate the keeping of them so as to protect the safety of the people and property from their offensive and destructive propensities; that while the registration of dogs, and attaching collars to them with tags, for which the owner is made to pay a tax, will not change their inherently bad qualities, the registration and payment of the tax "will probably reduce their number and cause the owners of them to use greater care to see that they do not harm the persons or property of others."

It was further held in the Erwin Case that the requirement of the payment of the registration fee was not arbitrary class legislation. It was further held that the object of the statute was the regulation of dogs, and that the tax was only an incident to the object expressed, and was not put into the statute primarily for the purpose of raising revenue.

We think the same general rules of construction and principles enunciated in the Erwin Case apply, in the main, to the questions presented by the assignments of error in the case under consideration.

The defendant insists that section 1 of the statute under consideration, declaring that the running at large of dogs not registered is a public nuisance, in certain counties of the State, is an arbitrary discrimination against the citizens of the counties affected, and is therefore unconstitutional and void.

This very question was settled against the contention of the defendant in the cases of *Thomas* v. *State,* 136 Tenn., 47, 188 S. W., 617; and *Sullivan* v. *State,* 136 Tenn., 194, 188 S. W., 1153. In those cases, and in the earlier cases cited by the court in them, statutes were involved making it unlawful for owners of live stock in certain counties to permit their stock to run at large, the provisions of said statutes being intended for the protection of other citizens who might have growing crops subject to damage by live stock. It was expressly ruled in those cases that such statutes were not partial class legislation in violation of the Constitution, since the counties were properly subjected to the population and classification basis.

It is next insisted by the defendant that the registering of the dog does not make it any less a public nuisance, and that it is an unreasonable and arbitrary enactment to provide that a dog not registered is a public nuisance; that the absence of the collar, which is provided for a registered dog, being no ground for declaring such a dog a nuisance.

The court, in the *Erwin Case,* supra, used this language: "Of course, the registration of dogs and attaching to them collars with tags, for which the owner is made to pay a tax, will not change their inherently bad qualities; but it will probably reduce their number and cause the owners of them to use greater care to see that they do not harm the persons or property of others."

We think the registering of the dog and requiring him to wear a collar, which bears a tag containing a number by which the name of the owner can be as-

certained on reference to the books in the office of the circuit court clerk, is a reasonable distinguishing mark, and the enactment that dogs not so identified are a public nuisance, when found running at large, while the dog so identified is permitted to run at large, is not an arbitrary and unreasonable discrimination. The State, in the exercise of its police power through the legislature, has full power to provide that a dog may not be allowed to run at large unless he bears such mark of identification. Such requirement will enable the owner of sheep or other property damaged by such dog, if the dog should be killed or captured, to discover the owner of the dog, who may be held liable for damages for the injury done by him. Also, as held in the Erwin Case, the requirement of a small registration fee will tend to reduce the number of worthless dogs.

The holding of the court in the Erwin Case is a sufficient answer to defendant's further contention that it is unreasonable to require all dogs to be registered, including those which are too small and weak to kill a sheep. While the principal object of the act it may be conceded is to protect sheep and hogs, the act is not limited to that purpose.

It is next insisted that the act in question is broader than its title, because of the provision of section 8, which provides that the balance of the proceeds of the registration fees, "if any remaining, shall be credited to an account to be opened and kept by the clerk to be known as the 'dog and stock' fund, and shall be paid out as the law in such cases may provide." It is insisted that this provision of the act is not germane to the general subject of the act which is expressed in

the title "to regulate the keeping of dogs by requiring them to be registered," etc.

In the Erwin Case the title of the act went no further than the title of the act in the present case. In that act it was provided that the balance of the proceeds of registration fees, if any balance should remain after paying all the expenses incident to the administration of the act, should go to the "common school fund." This court held that the tax was only an incident to the object expressed, and was not much more than enough to cover the cost of its execution. The tax provided by the statute involved in that case was twice as great as the tax provided by the statute under consideration. We are therefore of the opinion that the provision for the disposition of whatever balance of the fund that might remain, after the payment of the expenses provided for in same, is germane to the general subject of the act, which is the requirement of registration. It certainly is not such a distinct and severable subject, the introduction of which would render the act invalid.

It is next insisted that the court erred in overruling the motion to quash the indictment, because said act violates article 1, section 21, of the Constitution of the State, in that it takes property without just compensation being made therefor; and that it also violates article 2, section 28, of said Constitution, which provides that no one species of property from which a tax may be collected shall be taxed higher than any other species of property of the same value.

These questions were ruled adversely to defendant's contention in the case of *State* v. *Erwin,* supra, the

court holding that the statute involved in that case, which, in principle, is the same as the statute involved in the case under consideration, did not have for its primary object the raising of revenue, but was a police regulation, its object being to regulate dogs; that the tax was only an incident to the object expressed, and was not much more than enough to cover the cost of its execution.

The next and last insistence of the defendant is that the trial judge erred in overruling the twelfth ground of defendant's motion to quash the indictment, which was as follows:

"Because the said statute shows upon its face that the parties failing to pay the dog tax are not delinquent until the 1st day of October, 1917. Hence no indictment can be predicated upon said statute until said time."

The twelfth section of the act provides as follows:

"All dogs shall be registered or registration renewed in the month of July of each year from and after the date of the passage of this act, and shall become delinquent from and after the 1st day of October of each year."

It is a sufficient answer to this last contention of the defendant to say that he was not indicted, and is not being prosecuted for his failure to pay a registration fee; but he is charged with owning and keeping and permitting to run at large a dog, which should have been registered, but which was not registered. It is provided in section 12 of the act that all such dogs must be registered during the month of July. The indictment returned against the defendant charged him with

keeping and permitting a dog to run at large in September, 1917, without first having been registered, which is a misdemeanor under section 6 of said act.

It results that we find no error in the judgment of the court below, and it is affirmed, with costs.