MARY O. McCANDLESS, Plaintiff-in-Error, v. MARIE SAMMONS and Husband, A. W. SAMMONS, Defendants-in-Error.—362 S. W. (2d) 259.

Western Section. July 28, 1961.

Certiorari Denied by Supreme Court September 6, 1961.

Owens & McLain, Memphis, for plaintiff in error.

John S. Porter, Burch, Porter, Johnson & Brown, Memphis, for defendants in error.

CARNEY, J. The plaintiff below, Mrs. Marie Sammons, was awarded a verdict of $6,500.00 and her husband, A. W. Sammons, a verdict in the amount of $2,300.00. Judgments were entered and the defendant, Mrs. Mary O. McCandless, has appealed in error.

The suits arose out of an automobile accident which occurred on October 28, 1958, on Center Street in the City of Collierville, Shelby County, Tennessee, when the automobile driven by the defendant, Mrs. McCandless, collided with the rear end of the vehicle being driven by the plaintiff, Mrs. Sammons.

The plaintiff, Mrs. Sammons, was driving her father's automobile as part of a funeral procession. Her mother was sitting on the seat beside her. Plaintiff's car came to a stop as did the other cars in the procession in front of her. The defendant, Mrs. McCandless, who was also driv-

ing in the procession, ran into the rear of the automobile driven by Mrs. Sammons. The plaintiff sustained a blow to her neck and back and her mother was knocked from the seat onto the floor of the car. There is no question on this appeal as to the liability of the defendant.

Assignment of error No. IV insists that the verdicts are excessive: The plaintiff did not consult a physician until February 5, 1959. Her explanation was that she developed a severe crick in her neck the day following the accident; that she did not think then that she was seri-ously injured; that she operates a small jewelry store in Collierville, Tennessee, and that most of her year's business is done in the months of November and December each year and that, in substance, she felt like she was needed in the store.

After consulting her family physician in February, 1959, her injuries were diagnosed as a severe strain of the neck and back. Home therapy consisting of hot packs and hot towel applications at various times during the day was prescribed.

The plaintiff testified that the pain in her neck, shoulder, arm and back continued and in July, 1959, she was sent to the Methodist Hospital in Memphis, Tennessee, for physical therapy treatments which she received each day for several weeks. In March, 1960, she was readmitted to the Methodist Hospital where her head was put in traction and she received physical therapy treatments for sixteen days.

After being dismissed from the Methodist Hospital she stayed at home for a month and a half with her head in traction. In addition she was fitted with a collar to wear during the time she was up. Mrs. Sammons also testified

that at the time of the trial she was still using traction some forty-five minutes each morning and evening. She testified that she suffered muscular spasms and severe pain in her neck, back and shoulder sometimes resulting in the temporary loss of use of her left hand.

Plaintiff's proof further showed that prior to her accident she was suffering from a degenerative disc located between the fifth and sixth cervical vertebrae causing her neck to be weak and more susceptible to injury and disability and also making her recovery from injury more difficult. One doctor testified that Mrs. Sammons had sustained an asymmetry in the suprascapular area which he defined as meaning the muscles on the left side of the plaintiff's neck and shoulder were larger and firmer than those on the right side which he described as being normal.

Another doctor testified that in his opinion Mrs. Sammons had sustained permanent injury but he found it very difficult to evaluate such injury percentagewise. Both doctors agreed that Mrs. Sammnos was still suffering at the time of the trial and would continue to do so for several months more at least.

Special damages by both plaintiffs consisting of doctor's bills, hospital bills, medicine and cost of extra help hired by plaintiff in her home and in her store totalled $2,000.00 Approximately $1,200.00 of this amount was for extra help in the jewelry store and extra maid service in plaintiff's home.

The Trial Judge approved the verdicts of the jury as rendered and we cannot say that they are excessive. Therefore, assignment of error No. IV is respectfully overruled.

■ At the close of all the proof the defendant moved the court to direct a verdict for the defendant with respect to any aggravation of a pre-existing degenerative disc condition because there was no allegation of such fact in the declaration. Thereupon the plaintiffs were permitted; over the defendant's objection, to amend their declaration so as to allege the aggravation of a pre-existing degenerative disc condition. Assignments of error I and II assail the action of the court in overruling the defendant's motion and permitting such amendment. The evidence of plaintiff's pre-existing degenerative disc condition was admitted without objection. Such proof was in the form of a deposition so certainly there was no element of surprise to the defendant.

■ Under the authority of our recent case of Meeks v. Yancey, 43 Tenn. App. 667, 311 S. W. (2d) 329, the plaintiff was entitled to recover for damages resulting from the aggravation of a pre-existing injury or weakness if proximately caused from the defendant's negligence. In our opinion His Honor the Trial Judge had the discretion to permit or refuse the plaintiff's motion to amend her pleadings and we can see no abuse of such discretion in permitting the amendment in the present case. Wardrep v. Houston, 168 Tenn. 170, 76 S. W. (2d) 328. Therefore, assignments of error I and II are respectfully overruled.

Assignment of error No. III complains that the court erroneously permitted plaintiff's counsel to read to the jury during the course of his opening final argument statements of law from reported decisions in law books with respect to the liability of an automobile driver colliding with the rear of another vehicle and with regard to the liability of a tort feasor for the aggravation of a pre-existing condition on the part of the injured party.

The Bill of Exceptions does not contain the statements read to the jury nor show the defendant's objection thereto.

However, His Honor the Trial Judge entered an order of date February 28, 1961, which recited in substance that the defendant had moved the court to prohibit plaintiff's counsel from reading to the jury statements from reported decisions with respect to liability of an automobile driver colliding with the rear of another vehicle and with regard to the liability of a tort feasor for the aggravation of a pre-existing condition on the part of the injured party; that said motion was not well taken and was therefore overruled but that the defendant was entitled to have said order overruling her motion entered nunc pro tunc as of September 20, 1960, the date upon which said motion was made and overruled and denied by the court.

■ Of course, in criminal cases the jury is the final judge both of the facts and of the law. Tennessee Constitution, Article I, Section 19; Scott v. State, (1956), 207 Tenn. 151, 338 S. W. (2d) 581.

■ In a civil case the jurors are not the judges of the law but must take the same as charged to them by His Honor the Trial Judge. Fink v. Evans (1895), 95 Tenn. 413, 32 S. W. 307; Ferguson v. Moore (1896), 98 Tenn. 342, 39 S. W. 341.

In the case of Marion Construction Company v. Steepleton, (1931), 14 Tenn. App. 127, it was held error, but not reversible error, when "plaintiff's counsel transgressed the rules of correct practice in civil cases when he related the facts of the 'donkey case' (Davies v. Mann, 19 Eng. Ruling Cas. 190) to the jury, and read from the

opinion in Todd v. Railroad (135 Tenn. 92, 185 S. W. 62, L. R. A. 1916 E, 555)."

█ In the case at bar we think His Honor the Trial Judge was in error in permitting plaintiff's counsel to read statements of law from reported decisions. However, since the record does not contain the statements which were read and since His Honor the Trial Judge charged the jury the law applicable to the case at bar and no assignments are predicated upon His Honor's charge, it does not affirmatively appear that the error affected the results of the trial. Hence, under the authority of T. C. A. sec. 27-117 we hold that such error does not require a reversal of the case.

It follows that the appeal-in-error will be dismissed and judgments will be entered in this court in favor of the plaintiffs below for the amount of the judgments rendered below plus interest from September 30, 1960, the date of overruling the motions for new trial in the court below. Plaintiff-in-error is taxed with the costs in the court below and in this court.

Avery, P.J. (W.S.), and Bejach, J., concur.