# M. LUTHER PITTMAN, CLERK, *v.* HOUSING AUTHORITY OF BALTIMORE CITY

[No. 27, January Term, 1942.]

*Decided April 8, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*William C. Walsh, Attorney General,* and *Robert R. Bowie, Assistant Attorney General,* for the appellant.

*Philip B. Perlman,* with whom was *Wirt A. Duvall, Jr.,* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

The question raised by this case is whether the Housing Authority of Baltimore City is exempt from the State Recordation Tax Acts. Acts of 1937, Sp. Sess., Ch. 11, Sec. 4; Acts of 1939, Ch. 277, Sec. 6; Code, 1939, Art. 81, Secs. 220, 221.

M. Luther Pittman, Clerk of the Superior Court of Baltimore City, appellant, refused to record a deed dated July 15, 1941, conveying real estate to the Housing Authority of Baltimore City, without payment of $1.50 for the recordation tax. The Housing Authority thereupon filed a petition in the Baltimore City Court for mandamus to compel him to record the deed without such payment. After his demurrer to the petition was overruled, the parties entered into a stipulation, from which it appears that the Housing Authority has paid the recordation tax on 4,839 instruments under protest. From the order granting the mandamus this appeal was taken.

No claim is made here for federal exemption, as there was in the case of a mortgage to the Home Owners' Loan Corporation, which is expressly exempted by Act of Congress. Act of June 13, 1933, Ch. 64, Sec. 5, 12 U. S. C. A., Sec. 1464; *Pittman v. Home Owners' Loan Corporation of Washington, D. C.,* 175 Md. 512, 2 A. 2d 689; *Id.,* 308 U. S. 21, 60 S. Ct. 15, 84 L. Ed. 11, 124 *A. L. R.* 1263. This claim is asserted under the Maryland Housing Authorities Law of 1937, which created Housing Authorities subject to the approval of the governing bodies of the cities for the purpose of eradicating slums and arranging for low-rent housing development. The Act provides that "such property and an authority shall be exempt from all taxes and special assessments of the city, the State or any political subdivision thereof," provided that the authority shall pay to the city in lieu of taxes a sum for each housing project not exceeding an amount equal to "the regular taxes levied upon similar property." Acts of 1937, Ch. 517, Sec. 21, Code, 1939, Art. 44A, Sec. 21. Under the United States Housing Act of 1937, the United States Housing Authority is

authorized to make annual contributions for housing projects, but no part of such contributions shall be made available for any project until "the State, city, county, or other political subdivision in which such project is situated shall contribute, in the form of cash or tax remissions, general or special, or tax exemptions, at least 20 per centum of the annual contributions herein provided." Act of September 1, 1937, Ch. 896, 42 U. S. C. A., Sec. 1410. It was agreed that the Baltimore Housing Authority would pay to the City of Baltimore in lieu of taxes 3.9 per cent. of the rents, but in the event that the total amount of the city and State contributions in any year should be less than 20 per cent. of the federal contribution for that year, then the city would waive such portion of the rents as might be necessary to make the city and State contributions total 20 per cent. of the federal contribution.

It is a firmly established principle of law that exemptions from taxation are not favored, but are strictly construed in favor of the State. Chief Justice Marshall said of the taxing power: "It is granted by all, for the benefit of all. It resides in government as a part of itself, and need not be reserved, when property of any description, or the right to use it in any manner, is granted to individuals or corporate bodies. However absolute the right of an individual may be, it is still in the nature of that right that it must bear a portion of the public burdens; and that portion must be determined by the Legislature." *Providence Bank v. Billings,* 4 Pet. 514, 563, 7 L. Ed. 939, 956. Therefore, before any claimant can obtain an exemption, it is encumbent upon him to show affirmatively that the alleged exemption has been clearly allowed by law. If there is a real doubt upon the subject, that doubt must be resolved in favor of the State. It is only where the deliberate purpose of the Legislature to grant an exemption is expressed in clear and unequivocal terms that a claim to an exemption can be maintained. *City of Baltimore v. Grand Lodge of Masons,* 60 Md. 280, 282, 283. The rule

of strict construction of tax exemptions does not call for strained or unreasonable construction to the extent of being adverse to the real legislative intention, for the judicial interpretation must always be in accordance with the actual meaning of the lawmaking power. But an exemption claim cannot be sustained unless it is shown to be within the spirit as well as the letter of the exemption law. *Broadbent Mantel Co. v. City of Baltimore*, 134 Md. 90, 106 A. 250; *Grand Lodge of Maryland, Knights of Pythias v. City of Baltimore*, 157 Md. 542, 146 A. 744; *Bistline v. Bassett*, 47 Idaho 66, 272 P. 696, 62 *A. L. R.* 323.

It was argued that the rule of strict construction does not apply to Housing Authorities. Undeniably they are public agencies and their property is public property, and the Legislature has the unquestioned power to exempt them from taxation. *Matthaei v. Housing Authority of Baltimore City*, 177 Md. 506, 9 A. 2d 835; *New York City Housing Authority v. Muller*, 270 N. Y. 333, 1 N. E. 2d 153, 105 *A. L. R.* 905; *Dornan v. Philadelphia Housing Authority*, 331 Pa. 209, 200 A. 834; *Knoxville Housing Authority v. City of Knoxville*, 174 Tenn. 76, 123 S. W. 2d 1085; *State ex rel. Harper v. McDavid*, 145 Fla. 605, 200 So. 100, 133 *A. L. R.* 360. However, the rule applies against Housing Authorities as well as against all others. The Supreme Court of Illinois recognized in a Housing Authority case that tax exemption statutes are construed most strongly against the exemption. *Krause v. Peoria Housing Authority*, 370 Ill. 356, 19 N. E. 2d 193, 198. Furthermore, the declared policy of the State is in favor of strict construction of all tax exemptions. The Legislature has provided that property belonging to the State or to any county or city of the State shall be exempt from State, county and city taxation, but has ordained that all tax exemptions shall be strictly construed. Code, 1939, Art. 81, Sec. 7.

In some States the property of Housing Authorities is exempt by general law from State, county and municipal taxation because their property is held for a public purpose. *Wells v. Housing Authority of City of*

*Wilmington,* 213 N. C. 744, 197 S. E. 693. But here the Legislature has not conferred upon these agencies complete immunity from taxation, but has expressly delegated to the municipal officials the power to determine the sum to be paid by the Housing Authority in respect to any project and to agree to accept such sum in lieu of taxes. Acts of 1937, Chap. 518, Code, 1939, Art. 44B, Sec. 5. Unless prohibited by some provision of the Constitution, the Legislature has the power to grant a commutation of taxes by providing for the payment of a fixed annual sum by a corporation or other taxpayer and to declare that such payment shall be in lieu of taxes on the property. *Davis-Wellcome Mortgage Co. v. Haynes,* 119 Kan. 1, 237 P. 918. It was held in South Carolina that a contract requiring the Columbia Housing Authority to pay $500 to the City of Columbia in lieu of taxes and assessments was unobjectionable because it was a benefit to the taxpayers rather than a detriment. *McNulty v. Owens, Mayor,* 188 S. C. 377, 199 S. E. 425. But the intention of the Legislature as to the terms of the commutation must be entirely clear. No exemption will be held to result from any language of a statute which does not show an unmistakable intention of the Legislature to make the stipulated payment a substitute for the particular taxes for which the exemption is claimed. On the contrary, in case of doubt as to the legislative intention, the presumption is in favor of the taxing power and the burden is on the claimant to establish clearly his right to exemption by bringing himself clearly within the terms of the conditions imposed by the statute. 61 *C. J., Taxation,* Secs. 388, 392, 395.

It is stated as a general rule that exemptions from taxation apply primarily to annual property taxes and ordinarily do not apply to excises or taxes which are imposed not in lieu of property taxes, but upon the enjoyment of a privilege. *Knoxville & Ohio R. Co. v. Harris,* 99 Tenn. 684, 43 S. W. 115, 119, 53 *L. R. A.* 921; 26 *R. C. L., Taxation,* Sec. 276. A tax imposed upon the recording of a deed, even though computable on

the amount of the consideration, is not a tax on property, but a privilege tax imposed upon the privilege of recording the deed. Such a tax does not conflict in any way with the levy of *ad valorem* taxes upon real estate. *Middendorf v. Goodale*, 202 Ky. 118, 259 S. W. 59; *State v. Louisville & Nashville R. Co.*, 139 Tenn. 406, 201 S. W. 738, *Ann. Cas.* 1918D, 749. Even constitutional provisions exempting public property from taxation are held to apply only to *ad valorem* taxes and not to license, franchise, occupation or excise taxes. *City of Birmingham v. State*, 233 Ala. 138, 170 So. 64; *City of Louisville v. Cromwell*, 233 Ky. 838, 27 S. W. 2d 377; *City of Greenville v. Query*, 166 S. C. 281, 164 S. E. 844, affirmed *Gregg Dyeing Co. v. Query*, 286 U. S. 472, 52 S. Ct. 631, 76 L. Ed. 1232, 84 *A. L. R.* 831.

Thus an exemption from all State and local taxes would not relieve from some taxes where the intention of the Legislature to restrict the scope of the exemption can reasonably be inferred. *Hendrie v. Kalthoff*, 48 Mich. 306, 12 N. W. 191; 61 *C. J., Taxation*, Secs. 396, 398. Accordingly, the Supreme Court of Alabama ruled that the fact that the property of a Housing Authority is exempt from *ad valorem* taxes does not imply that the State has granted an exemption from improvement assessments and excise taxes. In re *Opinions of the Justices*, 235 Ala. 485, 179 So. 535. The Supreme Court of Louisiana likewise declared that the exemption of Housing Authorities and their property from all State and local taxes amounts to nothing more than a declaration by the Legislature that such property is public property. *State v. Housing Authority of New Orleans*, 190 La. 710, 182 So. 725, 737.

Under the Maryland Act, the Baltimore Housing Authority is exempt from "all taxes and special assessments" on condition that it will pay to the city for each project a sum not exceeding an amount equal to "the regular taxes levied upon similar property." The court must construe the Act by giving effect to the legislative intention as expressed in the Act as a whole. It is recognized that the meaning of the plainest words in a

statute may be controlled by the context. A statute should be so construed that all its parts harmonize with each other and render them consistent with its general object and scope. *Crescent Mfg. Co. v. South Carolina Tax Commission*, 129 S. C. 480, 124 S. E. 761; *Louisville & Nashville R. Co. v. Gaines*, 3 F. 266, 276. In determining whether a particular tax bill is within the terms of a tax exemption statute, the court should also give great weight to the policy of the law in making the exemption. *Frederick Electric Light & Power Co. v. City of Frederick*, 84 Md. 599, 604, 36 A. 362, 36 *L. R. A.* 130. When the members of the Legislature passed the Act at the regular session of 1937, there was no recordation tax in this State. It was not until the special session that they voted to impose it. It was imposed upon the recordation of all deeds and certain other instruments, without any exception in favor of State, county or municipal agencies.

The contract between the Mayor and City Council and the Housing Authority provided that the payment to be made by the Housing Authority to the city would be reduced in case the city and State exemptions for any year should aggregate an amount less than 20 per cent. of the federal contribution for that year. The scope of the State exemption was defined in this contract as the amount the State would levy "by means of taxes and special assessments for or with respect to any project or projects if such project or projects were operated by private enterprise and subject to normal taxation and assessment." It is obvious that the Mayor and City Council and the Commissioners of the Housing Authority did not contemplate the recordation tax as an element in determing the amount of the State exemption.

As the Housing Authorities are not exempt from the recordation tax, the appellant rightly refused to record the deed in this case without the payment of the tax. The order for the mandamus will therefore be reversed.

*Order reversed, and petition dismissed, with costs.*