# THE SWARTHMORE COMPANY *v.* COMPTROLLER OF THE TREASURY

[No. 258, September Term, 1977.]

*Decided December 29, 1977.*

The cause was argued before MOYLAN, MENCHINE and DAVIDSON, JJ.

*Jack C. Merriman,* with whom were *Weinberg & Green* on the brief, for appellant.

*Gerald Langbaum, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee.

MENCHINE, J., delivered the opinion of the Court.

The Swarthmore Company (Swarthmore), a Maryland corporation, in its State income tax returns for the years 1971, 1972 and 1973 claimed as deductions from taxable income certain items of interest income, relying upon Maryland Code Article 81, § 280A (c) (4) (1975 Repl. Vol.) as the same existed during the years covered by the returns. The Comptroller disallowed the deduction and assessed a deficiency in the amount of $14,239.92 against Swarthmore on January 28, 1975. On February 25, 1975, Swarthmore filed a Petition of Appeal to the Maryland Tax Court.

## The Facts

The case was submitted for decision on an agreed stipulation of facts that may be summarized as follows:

Swarthmore, a closely held corporation, was incorporated in 1955. All outstanding stock was controlled by the Keelty and Dorment families.

The corporation was formed to acquire land, create ground rents thereon and transfer the land to builders and developers subject to the ground rents. On one parcel of unsold land,

Swarthmore constructed in 1970 a service station and leased the improvements.

By the early 1960's Swarthmore's cash position permitted it to lend money and acquire assignments of mortgages. Swarthmore did so as follows:

1.  Made a series of cash loans to Doncaster Realty, Inc. (Doncaster) totaling $175,000.00.

    > The officers of Doncaster also were officers of Swarthmore. James Dorment was its sole stockholder. No interest was paid on these loans until 1972 when the loans were paid in full with interest.

2.  Purchased at a discount from Rodgers Forge Apartments, Inc. the latter's interest in a mortgage from Manor Estates, Inc. (Manor) upon property in Bolusia County, Florida.

    > Two thirds of the stock of Manor was owned by James Dorment, Margaret Dorment and James Keelty. Interest was paid on this mortgage in 1971, 1972 and 1973.

3.  Purchased at a discount from Beach Manor Estates (Beach Manor) a mortgage of Ocean Front Estates, a Florida Corporation. (The locale of the property securing the mortgage is not recited in the stipulation.)

    > The Dorment family owned no stock in Ocean Front and the Keelty family probably did not.

No other business connection existed between Swarthmore and the three obligors named above whose debt instruments were acquired by it. The only transactions between Swarthmore and Doncaster were the loans referred to in "1" above. There were no transactions between Swarthmore and the mortgagors named in "2" and "3" above, the original loans having been made by other lenders.

The interest received from the sources described above was deducted by Swarthmore from its Maryland taxable income for the years 1971, 1972 and 1973. Swarthmore contends that the deduction was authorized by statute.

During the years 1971 and 1972 Swarthmore had interest expense on a long-term mortgage in the amounts of $56,292.00 and $37.960.00, respectively.

## The Decisions Below

The Maryland Tax Court sustained the Comptroller's deficiency assessment that had followed disallowance of the claimed deduction. Swarthmore appealed to the Circuit Court for Baltimore County. That court affirmed. Swarthmore now appeals to this Court. We shall affirm.

## The Law

During the years in question the taxable income of corporations was to be calculated under the provisions of Maryland Code Article 81, § 280A (1975 Repl. Vol.).[1] That section, during the years in question, read as follows:

"§ 280A. *Net income of corporation.*

(a) *In general.* — The net income of a corporation shall be the taxable income of such taxpayer as defined in the laws of the United States as amended from time to time and for the corresponding taxable period or in the case of a regulated investment company, investment company taxable income as defined in the laws of the United States as amended from time to time and for the corresponding taxable period, except as hereinafter modified.

(b) *Amounts to be added to taxable income.* — There shall be added to the taxable income of such taxpayer: (1) except in the case of disaster losses, as defined in § 165(h) of the Internal Revenue Code as

1. The section controlling the subject litigation was amended by Chs. 637, 811 and 904 of the Laws of Maryland 1976.

amended from time to time, occurring on or after June 1, 1972, the net operating loss deduction as defined in § 172 of the Internal Revenue Code, as amended from time to time; (2) income taxes imposed by the State of Maryland, and any other state, the District of Columbia and any political subdivision of the State of Maryland or any other state; (3) the net capital loss carry-back as defined in § 1212 of the Internal Revenue Code,. as amended from time to time and (4) for all taxable years beginning after December 31, 1973, the oil percentage depletion allowance as claimed and allowed under § 613 of the Internal Revenue Code.

(c) *Amounts to be subtracted from taxable income.* — There shall be subtracted from taxable income of such taxpayer the following items to the extent included in federal income: (1) operating revenue subject to gross receipts taxes imposed by this article (less related expenses) of railroads, other public utilities and contract carriers; (2) fifty (50) percent of the excess of net long-term capital gain over net short-term capital loss as defined in the laws of the United States, as amended from time to time; (3) the amount of any refunds of income taxes paid to the State of Maryland, any other state, the District of Columbia, and any political subdivision of the State of Maryland and any other state; and (4) *dividend income to the extent included in taxable income and any interest income other than interest earned in the conduct of a business, on loans made under the provisions of Article 58A of this Code, and interest earned on business accounts, notes receivable and installment contracts."* (Emphasis added.)

In this case we have no doubt that interest received by Swarthmore by reason of the subject transactions was earned in the conduct of its business. We think that such loans and mortgage acquisitions, while differing in many legal aspects

from the creation of the liens of ground rents, are *in pari materia* with the latter respecting the corporation's search for profit in the ordinary conduct of its business affairs.

The stipulation of the parties makes plain that during two of the years now in question, Swarthmore incurred substantial interest expense on a long-term mortgage indebtedness that served as a lawful deduction from its earned income. Yet, it claims that it cannot be taxed on interest it earned upon transactions necessarily interconnected with those borrowed funds. This is an anomaly wholly unjustified by the letter and spirit of § 280A.

We examine Swarthmore's claim in the light of the firmly fixed rule of law that exemptions from taxation are not favored. That rule was succinctly restated in *Perdue v. St. Dept. of Assess. & T.,* 264 Md. 228, 232-33, 286 A. 2d 165, 167-68 (1972), as follows:

> "It is fundamental that statutory tax exemptions are strictly construed in favor of the taxing authority and if any real doubt exists as to the propriety of an exemption that doubt *must* be resolved in favor of the State. In other words, 'to doubt an exemption is to deny it.' *Pan Am Sulphur v. State Dep't,* 251 Md. 620, 629, 248 A. 2d 354 (1968); *Macke Co. v. State Dep't of Assessments and Taxation,* 264 Md. 121, 285 A. 2d 593 (1972). *Suburban, etc. Gas Corp. v. Tawes,* 205 Md. 83, 87, 106 A. 2d 119 (1954); *Pittman v. Housing Authority,* 180 Md. 457, 460, 25 A. 2d 466 (1942)."

The reasons for formulation of the rule were well explicated in *Pittman v. Housing Authority,* 180 Md. 457, 25 A. 2d 466 (1942), wherein it was said at 460-61 [468]:

> "It is a firmly established principle of law that exemptions from taxation are not favored, but are strictly construed in favor of the State. Chief Justice Marshall said of the taxing power: 'It is granted by all, for the benefit of all. It resides in government as a part of itself, and need not be reserved, when

property of any description, or the right to use it in any manner, is granted to individuals or corporate bodies. However absolute the right of an individual may be, it is still in the nature of that right that it must bear a portion of the public burdens; and that portion must be determined by the Legislature.' *Providence Bank v. Billings,* 4 Pet. 514, 563, 7 L. Ed. 939, 956. Therefore, before any claimant can obtain an exemption, it is encumbent upon him to show affirmatively that the alleged exemption has been clearly allowed by law. If there is a real doubt upon the subject, that doubt must be resolved in favor of the State. It is only where the deliberate purpose of the Legislature to grant an exemption is expressed in clear and unequivocal terms that a claim to an exemption can be maintained. *City of Baltimore v. Grand Lodge of Masons,* 60 Md. 280, 282, 283. The rule of strict construction of tax exemptions does not call for strained or unreasonable construction to the extent of being adverse to the real legislative intention, for the judicial interpretation must always be in accordance with the actual meaning of the lawmaking power. But an exemption claim cannot be sustained unless it is shown to be within the spirit as well as the letter of the exemption law. *Broadbent Mantel Co. v. City of Baltimore,* 134 Md. 90, 106 A. 250; *Grand Lodge of Maryland, Knights of Pythias v. City of Baltimore,* 157 Md. 542, 146 A. 744; *Bistline v. Bassett,* 47 Idaho 66, 272 P. 696, 62 A. L. R. 323."

We have no doubt that § 280A (c) (4), *supra,* was intended to assure that "interest earned in the conduct of a business" should not be a subtractable item from the taxable income of a corporation. While the language following the quoted words of the subsection is inartful and somewhat ambiguous, it does not, under the facts of this case, provide a basis for lawful deduction by this taxpayer of interest derived from the described transactions.

We think that the subsection evidences a legislative intent to assure that "interest earned in the conduct of a business"

be taxed, with only specified kinds of *nonbusiness interest income* being exempt. Such interpretation finds the clearest support from subsequent legislative action amending the subsection. The Legislature in 1976, by the passage of identical amendments in Chapters 637, 811 and 904, struck out the italicized language of § 280A (c) (4), *supra.* In the title to each of these three chapters the Legislature declared the purpose intended to be subserved by the amendment. The titles declared that the amendatory acts were intended:

> "For the purpose of . . . *including in the income of corporations* subject to State income tax *nonbusiness interest and dividend income to the same extent included under the federal income tax* . . . ." (Emphasis added.)

The necessary implication of this title language, coupled with the deletion of the language of § 280A (c) (4) upon which the appellant relies (as italicized, *supra*) is clear. It is that § 280A (c) (4) in the form of its passage by Ch. 142 of the Acts of 1967, had been intended to provide a very limited exemption applicable only to specified nonbusiness interest income.

While subsequent legislative interpretation of a prior statute is not binding or controlling on the Court, *Crunkleton v. Barkdoll,* 227 Md. 364, 369, 177 A. 2d 252, 255 (1962), a subsequent "statute purporting to declare the intent of an earlier one might be of great weight in assisting a court when in doubt." *United States v. Stafoff,* 260 U. S. 477, 480, 43 S. Ct. 197, 199, 67 L. Ed. 358, 361 (1923). The language in the titles of the amendatory statutes of 1976 persuades us that § 280A (c), *supra,* as enacted by Ch. 142 of the Acts of 1967, had been intended to exclude from taxable income only certain non-business interest income.

The interest income of the subject taxpayer earned by the described transactions was interest earned in the conduct of its business and was subject to income taxation. The deficiency assessment by the Comptroller, as affirmed by the

Maryland Tax Court and the Circuit Court for Baltimore County, was properly imposed.

Swarthmore was not entitled to the claimed deduction.

*Order affirmed.*
*Appellant to pay the costs.*