THE QUANTICO REALTY COMPANY *v.*
COMPTROLLER OF THE
TREASURY, INCOME
TAX DIVISION

[No. 1194, September Term, 1978.]

*Decided June 11, 1979.*

The cause was argued before MORTON, MELVIN and COUCH, JJ.

*Kenneth A. Reich,* with whom were *Allen L. Schwait* and *Garbis & Schwait, P.A.* on the brief, for appellant.

*Gerald Langbaum, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court.

Benjamin Franklin once wrote, "But in this world nothing can be certain, except death and taxes." [1] Quantico Realty Company, appellant, has learned the wisdom of Mr. Franklin's statement when it (Quantico) suffered defeat before the Tax Court and the Baltimore City Court, and will not avoid the inevitability of taxes in this Court.

Quantico and the Comptroller, the appellee, proceeded on an agreed statement of facts before the Tax Court. Quantico was engaged in the sale and rental of improved residential real estate. When a purchaser from appellant needed to finance the purchase and the principal amount of the loan exceeded the fair market value of the property, the lending institutions required Quantico to place a required sum of money in an hypothecated savings account with the lending institution as additional security for the loan. While appellant could not usually draw on this account until the purchaser had paid back to the lender an amount equal to twice the amount hypothecated, it did receive interest on these accounts. During the tax years in issue over one-half of appellant's capital was tied up in the various hypothecated accounts. Quantico deducted the amount of interest income earned from the hypothecated accounts from its net income [2] in computing its 1971, 1972, 1973 and 1974 Maryland income under the purported authority of former Annot. Code Art. 81, § 280A (c) (4).

The Comptroller disallowed these deductions, determined deficiencies, and made assessments against appellant; an appeal to the Maryland Tax Court ensued which affirmed the assessments. Quantico then appealed to the Baltimore City Court, which upheld the decision of the Tax Court. This appeal followed, in which Quantico raises two questions:

"1. Whether the lower Court erred in affirming

---

**1.** Letter from Benjamin Franklin to Jean Baptiste LeRay (November 13, 1789).

**2.** Net income of a corporation was described in former Md. Annot. Code Art. 81, § 280A (a) (1975 Repl. Vol.), as follows:

"(a) *In general.* — The net income of a corporation shall be the taxable income of such taxpayer as defined in the laws of the United States as amended from time to time and for the corresponding taxable period . . ."

the Tax Court which construed former Sec. 280A (c) (4), Art. 81, Maryland Code Annotated (1975 Repl. Vol.) so as to deny an exemption from the corporate income tax for interest income earned on hypothecated savings accounts.

2. Whether the lower Court erred in affirming the Tax Court despite the failure of that court to discuss or rule on the issue whether the assessments were improper because the Comptroller of the Treasury issued a private letter ruling to a competitor of Quantico's which allowed the same exemption that was disallowed to Quantico."

The standard of review of Maryland Tax Court orders is circumscribed; we may only consider whether a reasoning mind reasonably could have reached the factual conclusion which that agency reached. *Comptroller v. Diebold, Inc.,* 279 Md. 401, 407, 369 A. 2d 77 (1977); *Fairchild Hiller Corp. v. Supervisor of Assessments,* 267 Md. 519, 521, 298 A. 2d 148 (1973); *Bethlehem Steel Corp. v. Supervisor of Assessments of Baltimore County,* 38 Md. App. 543, 545, 381 A. 2d 1185 (1977). Mindful of our limitations we proceed to a consideration of Quantico's contention that the Tax Court's decision was erroneous as a matter of law and was not supported by substantial evidence appearing in the record.

1.

Article 81, § 280A (c) (4),[3] since repealed but applicable for the tax years contested here, provides the battleground for Quantico and the Comptroller. Corporations are subject to taxation on their "net income", plus certain additions, set forth in subsection (b) of § 280A and certain subtractions, set forth in subsection (c). Quantico has taken the position that the interest it received on its hypothecated savings accounts may be subtracted from its net income under former subsection (c) (4). This subsection provided in pertinent part as follows:

"There shall be subtracted from taxable income of

3. Art. 81, § 280A was amended by 1976 Md. Laws, chs. 637, 811, 904.

such taxpayer the following items to the extent included in federal income: (4) *dividend income to the extent included in taxable income and any interest income other than interest earned in the conduct of a business, or loans made under the provisions of Article 58A of this Code, and interest earned on business accounts, notes receivable, and installment contracts.*" (Emphasis added.)

The Tax Court in considering Quantico's claimed exemptions cited its opinion in *Swarthmore Co. v. Comptroller, aff'd*, 38 Md. App. 366. 381 A. 2d 27 (1977). Its construction of § 280A (c) (4) is set forth below:

"We are not aware of any situation where interest income earned by a profit making corporation would not be earned in the conduct of its business. Accordingly, we are of the opinion that the proper construction of Section 280A (c) (4) can be illustrated as follows:

.... (4) dividend income to the extent included in taxable income and any interest income other than interest earned in the conduct of a business, on (1) loans made under the provisions of Article 58A of this Code, (2) and interest earned on business accounts, (3) notes receivable and (4) installment contracts."

The Tax Court concluded that the interest earned by appellant on the hypothecated savings accounts was interest earned under the category of business accounts and, as such, could not be subtracted from federal taxable income (net income) in calculating Maryland taxable income.

Quantico argues that, upon the basis of the language of the statute and its legislative history, the purpose of subsection (c) (4) was to tax interest income earned in credit transactions of one type or another, not all interest income earned by businesses. Our consideration of Quantico's construction of § 280A (c) (4) is tempered by the well-established principle that exemptions from taxation are not favored. *Swarthmore Co. v. Comptroller, supra* at 371, and cases cited therein.

Moreover, our construction of this section in *Swarthmore* places, in our estimation, an insurmountable roadblock in Quantico's path. The Court in *Swarthmore* held that interest income earned on loans and mortgages by a real estate investment company was not exempt from taxation under § 280A (c) (4). Judge Menchine, writing for this Court, construed § 280A (c) (4) as follows:

> "... § 280A (c) (4), *supra*, was intended to assure that 'interest earned in the conduct of a business' should not be a subtractable item from the taxable income of a corporation. While the language following the quoted words of the subsection is inartful and somewhat ambiguous, it does not, under the facts of this case, provide a basis for lawful deduction by this taxpayer of interest derived from the described transactions.
>
> We think that the subsection evidences a legislative intent to assure that 'interest earned in the conduct of a business' be taxed, with only specified kinds of *nonbusiness interest income* being exempt." *Swarthmore, supra* at 372-73. [Emphasis in original.]

Quantico, in apparent recognition of the difficulties posed by *Swarthmore,* asks us to reconsider our earlier construction of the statute. Quantico urges that although interest on notes and mortgages falls within the categories listed in subsection (c) (4), such is not the case with interest received from hypothecated savings accounts. We fail to see the distinction. The important factor in determining the applicability of the exemption is whether the interest is earned in the conduct of business or derived from a nonbusiness source. We have no doubt that interest earned on the hypothecated savings accounts by Quantico was received in the conduct of business. The capital invested in the accounts facilitated financing for Quantico's clients. This we believe to be an integral part of Quantico's real estate sales business, for without the financial intervention of the real estate sales corporation there would be no sales. Thus, if the business is to succeed and if a requirement of the lender results in the receipt of interest on

hypothecated money, it cannot be said this interest has no connection with the conduct of its business. Accordingly, Quantico must pay taxes on the interest earned from these hypothecated accounts for tax years 1971, 1972, 1973 and 1974.

2.

There remains for our consideration the question of whether the Baltimore City Court erred in affirming the decision of the Tax Court where that Court failed to discuss or rule on the issue of unfair discrimination against appellant. The record reflects that in 1971 the appellee had advised another real estate company, Scott Realty Co., that it could deduct interest earned from accounts identical to the ones involved here for the years 1967, 1968 and 1970. Appellant argues, under the purported authority of *IBM v. United States,* 343 F. 2d 914 (Ct. Cl. 1965), that this constitutes unfair discrimination. Appellee contends there was no reversible error because (1) an appeal lies only from the order of the Tax Court and there is no requirement that reasons for its decisions be given, (2) there was no showing of prejudice, and (3) in any event, the record does not demonstrate that appellant was entitled to set up estoppel in the first place. We agree with appellee.

Our review of the record persuades us that there was simply no evidence before the Tax Court that would have warranted the application of estoppel against appellee. First, the ruling permitting Scott to deduct its interest income was made in 1971 and dealt with earlier tax years than the ones in issue here. Second, there was no evidence that the Scott Realty Company, which had received a favorable ruling in 1971 for the years 1967, 1968, and 1970, was still operating under that ruling. Third, we are persuaded that there is nothing to prevent appellee from changing its position so long as it thereafter treats all similarly situated taxpayers alike. *See generally, Oursler v. Tawes,* 178 Md. 471, 485, 13 A. 2d 763 (1940).

Having found no error, we affirm.

*Order affirmed.*
*Costs to be paid by appellant.*